Putnam, J.,
pronounced the opinion of the Court It appearing, from the pleadings, that the plaintiff’s husband was. living at the commencement of this suit, the writ must be abated, unless the reasons contained in the replication are sufficient to entitle the plaintiff to sue as a feme sole ; for the general rule of law is very clear, that the wife cannot sue alone, but must join with her husband ; and that a gift or legacy to the wife, and even the rewards of her personal labor, during the coverture, vest in the husband, and he may release them. Indeed, the husband and wife are considered as one. Her will is merged in his ; and the power which she might have had, as a feme sole, to make contracts, is suspended.
For these disabilities she is liberally recompensed by the obligations which the marriage imposes upon the husband to provide for her support during the coverture, and by a claim for dower after its dissolution. She has also many exemptions from civil and criminal process, to which he alone is liable, although both may have participated in the benefit of the contract or commission of the crime, during the continuance of the matrimonial connection.
But the rule was anciently relaxed, from necessity, in cases where the reasons, upon which it was formed, ceased to exist. Thus, where *38 the husband, Sir Thomas Belknap, was exiled, his wife was permitted to sue in her own name. (1) And the same reason applying where the husband had abjured the realm, the wife, in that case, was allowed to sue, as a widow, for her dower. In such case, also, she has been permitted to alien her land without her husband. And she is, in such cases, exempted from the disabilities of coverture. She may maintain trespass ; (2) she may sue for her jointure ; and she may be sued, also, as a feme sole. (3) She may also make her will; (4) and, as the court well observed, she might in all things act as * if her husband were dead ; and that the necessity of the case required that she should have such a power.
The wife of an alien enemy has also been held liable to suits, as the husband was not amenable to the process of the court. (5)
Other cases have been considered as within the exceptions to the general rule ; as where husband and wife live separately by agreement, he allowing her a separate maintenance ; (6) Lord Mansfield considering that, in such cases, the wife was liable, principally on account of the separate allowance for her support.
But this class of cases have been overruled, in the year 1800, in the case of Marshall vs. Rutton ; (7) Lord Kenyon, who delivered the opinion of the judges, observing that there is no authority in the books, “ that a woman may be sued as a feme sole, while the relation of the marriage subsists, and she and, her husband are living in this kingdom.” This last case was twice argued before all the judges, excepting two; and all who heard agreed to the opinion, as delivered by Lord Kenyon. It may also be observed, that this opinion was in conformity to that of the justices of the Common Pleas in the year 1778. (8)
But whatever difference may have existed as to the legal effect of a voluntary separation and maintenance, it has been uniformly considered that banishment or abjuration was a civil death of the husband. And the banishment of the husband, even for a limited time, operates a removal of the disabilities of the coverture, so far as to enable the wife to sue and be sued as a feme sole, although the time of banishment had expired when the action was brought. (9) *39 Thus, where the husband was attainted of felony and transported, but was afterwards pardoned, and, after the pardon, a share of an estate descended to the wife, it was decreed to her, it not appearing that the husband had returned after the pardon, — yet there was no lawful cause to prevent his return.
* And the facts and circumstances which should be considered as proof of having abjured the realm, have been liberally regarded. Thus, where the husband resided abroad, leaving his wife to trade and gain credit as a feme sole, this has been considered as sufficient to entitle her to obtain credit, and to render her liable to be sued, as a feme sole. (10) This case was much like that at bar; for it did not appear that the husband war ever in England, or intended to go thither. He could not complain, if his wife should be taken and imprisoned for debt; for he had renounced her society.
Upon the same reasoning, the case of Walford v. The Duchess de Pienne (11) was decided. The duke was a foreigner, who left England in 1793, with an intention of returning soon. The suit was commenced in 1797 ; and the court held that his absence, thus continued, should be considered as a desertion of the wife, and as sufficient to enable her to contract on her own account, (a)
And the law is the same, when applied to her situation as plaintiff. In a late case, (12) where the term for which the husband was transported had expired, the wife was permitted to sue as if unmarried; the defendant not proving that her husband had returned.
Miserable, indeed, would be the situation of those unfortunate women whose husbands have renounced their society and country, if the disabilities of coverture should be applied to them during the continuance of such desertion. If that were the case, they could obtain no credit on account of their husbands, for no process could reach him ; and they could not recover for a trespass upon their persons or their property, or for the labor of their hands. They would be left the wretched dependants upon charity, or driven to the commission of crimes, to obtain a precarious support.
Nor does the late decision, cited by the counsel for the defendant in this action, (13) militate with the principles I have stated. The wife, in that case, was not permitted to * sue *40 as a feme sole, although the husband had gone beyond sea without making any provision for her support. But it was admitted by the demurrer, that the husband was born within the realm, was then a subject, had not been banished, and had not abjured. His absence, under such circumstances, might be considered as temporary, and of course, as not varying the rights of the husband or the wife.
The case at bar comes within the spirit of the rule of the common law, founded in reason and necessity, in cases of exile and abjuration. The plaintiff has been domiciled here many years as a feme sole. Her husband is an alien, and never was, and is not expected ever to be, in this country. He abandoned his wife, and for a great number of years made no provision for her support in his own country. He has not, it is true, abjured his country; but he has compelled his wife to abjure it. This should not make the case better or worse for her. If the husband had been a native citizen, and had deserted his wife, and become a subject of a foreign state, the law would be clear for her, upon the adjudged cases.
We are satisfied that the plaintiff may acquire property, and be permitted to sue, and is liable to be sued, as a feme sole; and that her release would be a valid discharge for the judgment she may recover.
The replication is adjudged good, and a respondeos ouster is awarded, (a)

 Co. Lit. 132, a.

 Moore, 851, Eliza Wilmot's case. — Roll. Rep. 188, S. C.

 2 Vern. 614, Dubois vs. Hale.

 Ibid. 104, Countess of Portland vs. Rogers.

 1 Lord Raymond, 147, Derry vs. The Duchess of Mazarine.

 Ringstead vs. Lady Lanesborough, Co. Bank L. 24.—Barwell vs. Brooks, Ibid 28. — Corbett vs. Poelnitz, 1 D. & E. 8, A. D. 1785.

 8 D. & E. 545.

 2 W. Black. Rep. 1195, Lean vs. Schutz.

 3 P. Will. 37, Newsome vs. Boyer.

 1 B. & P. 357, De Gaillon vs. L'Aigle.

 2 Esp. Rep. 554, [and see Franks vs. The Duchess de Pienne.] [Binfield vs Same, 2 N. R. 380.]

 Sed vide Kay vs. The Duchess de Pienne, 3 Camp. 123. — Hookham vs. Chambers, 3 Br. & Bingh. 92.

 4 Esp Rep. 27, Carroll vs. Blencow.

 11 East, 303, Bogget vs. Frier.

 Robinson vs. Reynolds and Wife, 1 Aiken, 174 — Edwards vs. Davis, 16 Johns. 286. — Cornwall vs. Hoyt, 7 Con. R. 420. — Troughton vs. Hill, 2 Hay. 406. — Wright vs. Wright, 2 Dessaus. 244. — Lewis vs. Lee, 5 D. & R. 98, 3 B. & C. 291. — Dean vs. Richmond, 5 Pick. 461. — Ex parte Franks, 7 Bingh. 762. — Williamson vs. Dawes, 9 Bingh. 294.