## JONATHAN GREGORY vs. SUSAN PIERCE.

The desertion of a wife by her husband, which will enable her to sue, and render her liable to be sued, as a feme sole, must be an absolute and complete desertion, by his continued absence from the Commonwealth, and a voluntary separation from and abandonment of his wife, with an intent to renounce, *de facto*, the marital relation, and leave her to act as a feme sole.

Where a wife, whose husband has left the Commonwealth and remained absent therefrom, is sued as a feme sole, and the question of her liability to be so sued is submitted to the court on an agreed statement of facts, the court will not hold her to be so liable, unless such facts are agreed as show a total renunciation, by the husband, of the marriage relation, or facts from which such renunciation is inevitably to be inferred.

ASSUMPSIT on a promissory note, signed by the defendant in the presence of an attesting witness, dated October 6th 1825, and payable to Putnam & Gregory, partners, of whom the plaintiff is survivor.

The case was submitted to the court of common pleas, on an agreed statement of facts, as follows : " The defendant was married to Varney Pierce, jr. in 1806, who, in 1816, became insolvent, and left her and went out of the Commonwealth, and did not return till 1818, when he came back and remained with her about a week. He then left her and went to Ohio, where he remained till his death in 1832. He made no provision for the support of his wife and family, after he left her in 1816 ; but she supported herself and family, after he left her, by her own labor, contracting debts and making contracts in her own name. Putnam & Gregory employed her to do work for them, and supplied her with necessaries for the support of herself and family ; and the note in suit was given for the balance of account between the parties."

The court of common pleas rendered judgment for the plaintiff, and the defendant appealed to this court.

*Brooks*, for the defendant.

*Wells & Davis*, for the plaintiff.

SHAW, C. J. The principle is now to be considered as established in this State, as a necessary exception to the rule of the common law, placing a married woman under disability to contract or maintain suit, that where the husband was never

within the Commonwealth, or has gone beyond its jurisdiction, has wholly renounced his marital rights and duties, and deserted his wife, she may make and take contracts, and sue and be sued in her own name, as a feme sole.    It is an application of an old rule of the common law, which took away the disability of coverture when the husband was exiled or had abjured the realm. *Gregory* v. *Paul*, 15 Mass. 31.    *Abbot* v. *Bayley*, 6 Pick. 39. In the latter case, it was held, that in this respect, the residence of the husband in another State of these United States, was equivalent to a residence in any foreign state ; he being equally beyond the operation of the laws of the Commonwealth, and the jurisdiction of its courts.

But, to accomplish this change in the civil relations of the wife, the desertion by the husband, must be absolute and complete ; it must be a voluntary separation from and abandonment of the wife, embracing both the fact and intent of the husband to renounce *de facto*, and as far as he can do it, the marital relation, and leave his wife to act as a feme sole.    Such is the renunciation, coupled with a continued absence in a foreign state or country, which is held to operate like an abjuration of the realm.

In the present case, the court are of opinion, that the circumstances stated are not sufficient to enable the court to determine whether the husband had so deserted his wife, when the note in question was given.    The only facts stated are, that he was insolvent when he went away ; that he was absent, residing seven or eight years in Ohio ; that he made no provision for his wife and her family, after 1816 ; and that she supported herself and them by her own labor.    But it does not appear that he was of ability to provide for her ; that he was not in correspondence with her ; that he declared any intention to desert her, when he left, or manifested any such intention afterwards ; or that he was not necessarily detained by sickness, imprisonment or poverty.

The fact of desertion by a husband may be proved by a great variety of circumstances leading with more or less probability to that conclusion ; as, for instance, leaving his wife, with a

declared intention never to return ; marrying another woman or otherwise living in adultery, abroad ; absence for a long time, not being necessarily detained by his occupation or business, or otherwise ; making no provision for his wife, or wife and family, being of ability to do so ; providing no dwelling or home for her, or prohibiting her from following him ; and many other circumstances tending to prove the absolute desertion before described. The general rule being that a married woman cannot make a contract or be sued, the burden of proof is upon the plaintiff to show that she is within the exception.   In an agreed statement of facts, such fact of desertion, using this term in the technical sense above expressed, as a total renunciation of the marriage relation, must be agreed to, or such other facts must be agreed to, as to render the conclusion inevitable.   If the facts stated are all that can be proved in the case, the court would consider that the plaintiff had not sustained the burden of proof, and therefore could not have judgment    See *Williamson* v. *Dawes*, 9 Bing. 292.    *Stretton* v. *Bushnach,* 4 Moore & Scott, 678. *S. C.* 1 Bing. N. R. 139.    *Bean* v. *Morgan,* 4 McCord, 148. But apprehending that the statement may have been agreed to, under a misapprehension of the legal effect of the facts stated, and that other evidence may exist, the court are of opinion, and do order, that the agreed statement of facts be discharged, and a trial had at the bar of the court of common pleas.