By the Court. Campbell, J.
It would be difficult to distinguish this case from that of Gregory v. Paul, 15 Mass. 31, except in that case it appeared that the husband had deserted the wife in England, while in this case the reasons of the separation, and of the wife assuming her maiden name, do not appear.
There is in the case before us, however, another fact, which may be considered of importance. It is, that, by the laws of Prussia, a passport or permit is required, to enable a subject of that country to emigrate. It may be that such permit would not be given to the husband, and thus the case would be brought within the rule of many of the English cases, as well as the principle upon which the rule was founded. Thus, when the husband was an alien enemy residing atiroad, the wife was always treated as a ftme sole, because it might well be that he would not be permitted to come into the country where she resided. So, when the husband was transported, even though for a limited period, the wife was also treated as a ftme sole, as the husband might not be permitted to return, or might be disposed never to return—even after his term of banishment had expired.
In such cases, it is said that it is greatly for the interest of the wife that she should be treated and considered as a ftme sole, or otherwise she could neither sue nor be sued; could neither enforce her rights, nor obtain the credit which might be necessary, in order to enable her to make a support for herself. (See cases, Gregory v. Paul, 15 Mass. 31; 1 Bosanquet and Pullen, 357; 2 Espinasse, 554; Robinson v. Reynolds, 1 Aiken, 174.)
There must be judgment on the verdict rendered in this case: