JOSEPH WARR, APPELLANT, *v.* JULIA HONECK, RESPONDENT.

ADVERSE POSSESSION.—WIFE AGAINST HUSBAND.—Where a void decree of divorce was made between husband and wife, partitioning as part of the decree certain lands of the husband, and the decree was acquiesced in by husband, and thereafter the wife lived upon the portion of land partitioned to her by the void decree, in undisturbed possession as a *feme sole*, for the time required for an adverse possession by statute of limitations; *held* that the wife had acquired a title by adverse possession.

ID.— ID.— MARRIED WOMEN'S ACT.—Under § 2528, 2 Comp, Laws 1888, giving to a married woman all her property owned before marriage, as well as all that acquired after marriage by purchase, gift, bequest, devise or descent, and giving her power to sue and be sued, plead or be impleaded, or defend or be defended at law, an abandoned wife, living as a *feme sole* may hold land adversely to her husband.

ESTOPPEL.—PURCHASER WITH NOTICE.—WIFE'S ADVERSE POSSESSION.—A purchaser of land for an insufficient consideration from the husband, who knows of a void decree of divorce between husband and wife, and that the divorce has been acquiesced in, that wife has been living upon certain land of husband granted her by the void decree, and has been supporting herself and children as a *feme sole*, is estopped from asserting the husband's title to the premises or his own acquired from the husband.

APPEAL from a judgment of the district court of the third district and from an order refusing a new trial. The opinion states the facts except the following:

The pleadings are stated in the opinion, as is also the general effect of the evidence. The court instructed the jury as follows upon the point of wife's adverse possession to the husband: "The general rule of law is that the wife cannot claim adverse possession to the husband, but there are exceptions to this rule: and if you believe from a preponderance of the evidence in this case that the defendant was the wife of one Frederick Honeck; that Honeck acquired a patent to the quarter-section of which the eighty acres in question is a part prior to 1879; that at or about that year they separated and obtained a divorce, which was invalid, but under which they took and retained possession of the property, to-wit: he took and held possession of the east half and the defendant in this case of the west half of the property in dispute; that she claimed exclusive possession, and had a house on it and portion of it fenced; that they acquiesced in this decree awarding to Honeck the east half and defendant the west half, and recognized it and held possession with regard to it, and that the defendant held the adverse possession under that claim of right or title, and paid all the taxes on it for seven successive years that were assessed, then you shall find the issues in this case for the defendant. An adverse possession is such possession as indicates by acts of ownership of the person in possession under the claim of title and of right, that such person is the owner of the property and claims the right to it, by fencing it or by herding stock on it, and claiming the possession so that the public, persons dealing with the property, may understand that the person in possession claims the right and title to it, and is in the actual possession. In this case it would not be necessary that the defendant in this

case should have fenced this entire land. If she exercised acts of ownership over it, and claimed the exclusive right to the possession, that would be adverse possession, and it would be adverse possession as against the husband if in 1879, or about this time, this invalid decree was granted which purported to give her the west half and the husband the east half and they have lived separate and apart from that time, and have recognized it as a valid divorce, and have held possession under the decree and according to its terms. In that case, the fact that the husband had been the owner of the land would not prevent the wife from claiming the adverse possession." The court gave no instruction upon the question of an estoppel made in the complaint, and did not submit that question to the jury.

*Messrs. Hoge and Burmester,* for the appellant.

Appellant's brief cited as to proposition that wife cannot hold adversely to husband while the marital relation continues. 1 American and English Cyclopedia of Law, 250. *Bank* v. *Guerra,* 61 Cal. 109; *Mandlin* v. *Cox,* 67 Cal. 387, 7 Pac. Rep. 804; *Veal* v. *Robinson,* 70 Ga. 809; *Bell* v. *Bell's Adm'r,* 37 Ala. 536; *Hendricks* v. *Rasson,* 53 Mich. 575, 19 N. W. Rep. 192; *Snyder* v. *People,* 26 Mich. 106; *Berry* v. *Hall* (Ky.), 11 S. W. Rep. 474.

*Messrs. Zane and Putnam,* for the respondent.

The respondent's brief admitted the general rule of common law, but argued that a *feme sole* was an exception to the general rule. Respondent was a *feme sole.* *Love* v. *Moynehan,* 16 Ill. 277, 63 Am. Dec. 306 and note; *Wright* v. *Hays,* 10 Tex. 130, 60 Am. Dec. 200; *Arthur* v. *Broadnax,* 3 Ala. 577, 37 Am. Dec. 707 and note; *Rhea* v. *Rhenner,* 1 Pet. 105; *Phelps* v. *Walther,* 78 Mo. 320, 47 Am. Rep. 112; *Reis* v. *Lawrence,* 63 Cal. 129, 49 Am. Rep. 83, and note Common law rule has been re-

laxed. *Clark* v. *Gilbert*, 39 Conn. 94; *Gafford* v. *Strauss*, 7 Law. Rep. 568. Void decree was color of title. *Hall*· v. *Law*, 102 U. S. 461; *Wilson* v. *Atkinson*. 77 Cal. 485; *Packard* v. *Moss*, 68 Cal. 123, Utah statutes give fullest rights to married women. Sections 2528, 2530, 2640, 2649, 3172, 3140, 2 Comp. Laws, 1888; and *Cereghmo* v. *Wagener*, 4 Utah, 514; *Barton* v. *Barton*, 32 Md. 214; *Power* v. *Lester*, 23 N. Y. 527; *Flenner* v. *Flenner*, 29 Ind. 564. And on the question at issue the brief cited, *Veal* v. *Robinson*, 70 Ga. 809; *Hartman* v. *Nettles*, 64 Miss. 495; also *Avent* v. *Arrington*, 105 N. C. 377; *McQueen* v. *Fletcher*, 77 Ga. 444. Cases cited by appellant were distinguished. Also on question as to the alleged error in permitting question to be asked whether or not it was well known in the neighborhood that respondent claimed the land, was cited *Wood* v. *Trans. Co.* (Ala.), 3 South. Rep. 475.

BLACKBURN, J.:

This is an action of ejectment brought by appellant against respondent to recover the possession of the W. $\frac{1}{2}$ of S. W. $\frac{1}{4}$ of section 21, township 2 S., of range 6 E. of the Salt Lake Meridian, on May 22, 1890. Complaint alleges ownership and right of possession and ouster. Defendant answers, specific denial and statute of limitations; that she has had adverse possession of the premises since the 1st day of December, 1879; that formerly Carl Frederick Honeck was the owner in fee of said premises, together with the E. $\frac{1}{2}$ of said quarter section, and she was his wife; that they had separated, and said quarter section was then partitioned between them, said Carl Honeck taking the east half and this defendant the west half; and that she has lived peaceably upon the same since that time, and made valuable improvements upon it, and raised her family upon it, and since that

time she and her said husband have lived separate and apart, and he has done nothing for the support of her and her children by him. And with the full knowledge of all these facts, plaintiff caused said Carl Frederick Honeck to deed him said west half of said quarter section in fraud of all her rights. Trial by jury and verdict for defendant. Motion for new trial, and motion overruled. This appeal is from both the judgment and the order overruling motion for new trial. The evidence as developed by the record is substantially as follows: Carl Frederick Honeck was the husband of the defendant, and acquired the title to the S. W. $\frac{1}{4}$ of section 21, township 2 S., of range 6 E., and lived with the defendant on the W. $\frac{1}{2}$ of said quarter section. They separated; the wife procured a decree, from the probate court, of divorce, giving her the west half of said quarter, and that left Carl Honeck the east half; this was in 1879. This decree is admitted to be void. But they continued to live apart until this suit was brought, and both parties seemed to acquiesce in the decree. The defendant continued to live upon the land, fenced and farmed some of it, and herded the neighbors' cattle off of the other part, and her own, upon it. In 1887, Carl Frederick Honeck deeded the said west half to the plaintiff, when he was living apart from his wife in Salt Lake City. The plaintiff all these years lived about three-quarters of a mile from the defendant, and must have known from his proximity all the facts about the situation. He knew Honeck and his wife lived apart, for he says he found Honeck living in Salt Lake City when he got the deed; and whether he knew about the decree of divorce or not makes no difference, for he was bound to take notice of all her rights, she being in possession. *Toland* v. *Corey*, 6 Utah, 392, 24 Pac. Rep. 190. The plaintiff paid $200 and an outlawed debt of a small amount (amount not

5

stated) for the premises, when they were well worth the sum of $800 to $1,000.

Many errors are assigned for reversal of this case. The main contention of the appellant is that the court erred in giving the instruction that the defendant, while the wife of plaintiff's grantor, could acquire the right to the premises by adverse possession, while they were separated, under a void decree of divorce, and the refusal to give the opposite of this, as asked for by the plaintiff. Therefore, the turning question in this case is, can the wife, while living apart from the husband, he not contributing any to the support of her and their children, hold property adversely to him, and acquire title to real estate formerly belonging to him, by adverse possession? All the cases, so far as I have been able to examine them, cited by counsel for appellant in support of the proposition that a wife cannot hold property adversely to her husband, are where the husband and wife are living together, and therefore have no application to this case. The oneness constituted by the marriage relation at common law doubtless is based upon the statement of the Christ, "For this cause a man will leave his father and his mother and cleave unto his wife, and they twain become one flesh." But the condition is that he cleave unto her, so that when he ceases to cleave unto her,—separates from her—and leaves her to take care of herself and their children, this oneness ceases, and they no longer are one flesh, but are twain, and this the common law recognizes. *Love* v. *Moynehan*, 16 Ill. 277, and cases therein cited; *Rhea* v. *Rhenner*, 1 Pet. 105, and cases therein cited; *Gregory* v. *Paul*, 15 Mass. 31; *Clark* v. *Gilbert*, 39 Conn. 94. Many other cases could be cited of like import. They all agree that where a wife is abandoned by her husband, and she is compelled to live separate from him and support herself and their children, that her civil rights are no longer merged in her husband.

She can acquire property, sue and be sued, alone, contract and be contracted with as a *feme sole*, even under the rigid rules of the common law. If this be true, why cannot she acquire and hold property in hostility to and against all claims of her husband? But this respondent is living under the law as now declared by the modern humane law, commonly called "married woman's statutes." The married woman's act (2 Comp. Laws, § 2528) being then in force in this Territory, declares that "all property owned by either spouse before marriage, and that acquired afterwards by purchase, gift, bequest, devise, or descent, with the rents, issues, and profits thereof, is the separate property of that spouse by whom the same is owned or acquired, and separate property owned or acquired, as specified above, may be held, managed, controlled, transferred, and in any manner disposed of by the spouse so owning or acquiring it, without any limitation or restriction by reason of the marriage." Section 2528. "Either spouse may sue or be sued, plead or be impleaded, or defend or be defended, at law." Considering the liberality of these provisions, it is manifest the abandoned wife may acquire and hold property adversely to her husband. Therefore the instruction given by the court on that subject is not error.

We think also, under the facts of this case, the husband was estopped from disturbing the wife's possession of this land, and he not having the right, the plaintiff would be also estopped, being a purchaser with full notice, and without a good and sufficient consideration. We see no reason for disturbing the judgment; it is therefore affirmed.

ANDERSON, J., and MINER, J., concurred.