HARRY T. DUKE, RESPONDENT, *v.* GEORGE G. GRIFFITH, APPELLANT.

PLEADING.—EVIDENCE.—VARIANCE.—EQUITABLE ESTOPPEL.—Where an equitable estoppel was set up by answer to an action in ejectment, and in support of the allegation, certain evidence was offered which did not strictly accord with the facts, to-wit: an agreement leasing for a term of ten years certain indefinite lands with the privilege to the promisor of conveying either the lands occupied or ten acres, including the lands occupied, in regard to which the promisor had made his election to permit the promisee the ten acres, offered in support of an allegation of a contract leasing the ten acres; *held* that the variance was not fatal, but an amendment ought to have been permitted.

CONTRACT.—CONSTRUCTION.—GENERAL MEANING.—A contract providing for the construction of reservoirs on "about two acres" of plaintiff's grantor's land with a grant of the free use "of said land" for the term of ten years, giving to the promisor one-half of the proceeds of the business carried on by means of said reservoirs, as well as the use of water therefrom, and further providing that the promisor at the end of said term of

ten years would either deed the land occupied by the reservoirs or a plat of land including said reservoirs (ten acres in extent) when followed by a giving of possession and holding thereof over the whole ten acres; *held*, to have become a contract of purchase for the whole ten acres.

EJECTMENT.—EQUITABLE ESTOPPEL.—ANSWER.—In answer to an action of ejectment the defendant may set up and prove any acts constituting an equitable estoppel; *e. g.* that defendant under claim of title made valuable improvements on land, with knowledge on the part of the owner that defendant claimed valid title and was making improvements in reliance thereon.

APPEAL from a judgment of the district court of the fourth district and from an order refusing a new trial, Hon. James A. Miner, judge.

The complaint was in ejectment for the recovery of a tract of land fully described containing 4¼ acres. The answer denied every allegation of the complaint except possession. For a further answer the complaint alleged as follows: That on October 9, 1884, and while one E. H. Orth was the owner seized in fee of the land described in the complaint and other land including the ten-acre tract an agreement was made between Orth and the defendant, whereby Orth leased to defendant the ten-acre tract, and put him in possession, which possession has been continued, which lease was for ten years; that said agreement provided that said Orth would sell to Griffith, said ten acres at the end of ten years at one half its appraised value, estimated by appraisers appointed as provided, of which agreement plaintiff and his grantors back to Orth had full and complete notice; that said ten acres included the lands described in the complaint; that Griffith made valuable improvements with plaintiff's knowledge; that it was understood and agreed that defendant should have the use of said ten acres or any part thereof free of rent.

The paper title of plaintiff was warranty deed from Orth

to Stein, October 7, 1885, bargain and sale deed Stein and wife to plaintiff, August 13, 1889. Defendant offered the agreement mentioned in the pleadings. The first paragraph provided for the construction of reservoirs "on about two acres area on the southwest quarter of the northwest quarter of section 27, wherein the premises in dispute were situated. The second paragraph granted the free use "of said land" and rights of way for ten years. The third paragraph referred to water. The fourth paragraph is quoted in the opinion. The agreement was excluded. Then the defendant made the offer of testimony quoted in the opinion and then again offered the agreement in connection with the offer, but the agreement and testimony were excluded, and exception taken by defendant.

*Mr. E. T. Hulaniski,* for the appellant.

The first clause of the contract does not limit the size of the reservoirs to two acres, and the fourth clause, viewed in the light of the whole contract, indicates that the improvements were to occupy ten acres. This construction having been put upon by the parties as the evidence offered tended to show ought to control. The use of the water was consideration enough. An entry under a contract to purchase is an entry by lease and license, and until revoked protects the vendee. A license even by parol, when irrevocable, *i. e.,* coupled with an interest, is not revoked by conveyance of the realty by the licensor. The contract having been fully performed, an assurance of title will be decreed. The possession of the vendee was notice of whatever title he had.

*Mr. James N. Kimball* and *Mr. E. M. Allison, Jr.,* for the respondent.

The appellant was only entitled to the possession during

the period of ten years of the lands actually occupied by the reservoirs and fifty feet in width on the west side thereof, with a right of way. As no lands were described specifically in the contract, defendant, by locating and constructing his reservoirs, fixed the extent of the lands demised, and under the contract was entitled to the possession of no other lands, and as to such other lands he was a trespasser, and having made improvements without color of title, he is not entitled to an offset. The appellant made the claim that at the time he made his improvements, he elected to take ten acres and entered into possession accordingly. But the contract gave to Orth the option either to deed the two acres for $1 or to deed the ten acres at an appraised price. And this provision, being for the promisor, he has the right to do either one or the other at his election, to be made when the promise is to be performed.

BARTCH, J.:

This is an action in ejectment brought by the plaintiff to recover possession of a certain parcel of land.

At the trial he introduced in evidence certain deeds, showing that he derived his title through mesne conveyances from one E. H. Orth:

The defendant then offered in evidence an agreement in writing from said E. H. Orth, under which he claimed title and right of possession to the land in dispute, and made also other offers of parol testimony tending to show that he was rightfully in possession. This agreement and the parol testimony offered by the defendant were, under objections of counsel for plaintiff, held inadmissible, as incompetent, immaterial and irrelevant.

The defendant offered no further testimony, and, under the instructions of the court, the jury returned a verdict for the plaintiff. His motion for a new trial having been

denied, the defendant appealed to this court, assigning various errors, among them the rulings above mentioned. The only material question contained in the record is raised on the rejection of the evidence at the trial. While the evidence offered is not strictly in accord with the facts set up in the answer, we are of the opinion that the departure is not a fatal variance. There is an attempt to set up an equitable estoppel which is permitted under our system of pleading. The facts offered to be proven by the defendant indicate a meritorious defense, and if the answer is insufficient an opportunity ought to be given to amend and the case tried on its merits.

The agreement offered in evidence, among others, contained a provision, as follows: "Said E. H. Orth hereby agrees that he will at the end of said term of ten years, either give to said George G. Griffith, for the sum of one dollar, a deed for the land occupied by said reservoirs and banks and fifty feet wide along the west side of said reservoir, also the right of way from said Griffith's land to said reservoir, or that he will sell to said Griffith a plat of land ten acres in extent to include said reservoirs at one-half the appraised value of said land in an unimproved condition."

By the terms of the agreement the parties were to construct a reservoir or reservoirs of about two acres area on plaintiff's land, for certain purposes specified therein, and to bear expenses equally, which are the reservoirs mentioned in the provision above quoted.

Counsel for respondent contends that the option, in the provision mentioned, could only be exercised by the plaintiff; that the agreement itself granted no right of possession to the land in question, and is therefore inadmissible in evidence.

It is not deemed necessary to the decision of this case, to determine who had the right to exercise the option

referred to, and it may be admitted, for the purpose of determining the question under consideration, that the agreement, if offered alone would be inadmissible. The real question is, was its rejection, in connection with the other evidence offered, prejudicial to the right of the defendant?

In addition therewith the defendant offered testimony as follows: " That on the 9th day of October, 1884, while said E. H. Orth was in possession of the lands described in the complaint and of other land adjoining the same, including the ten-acre tract described in the answer, the agreement was made between said Orth and the defendant, to-wit, the agreement in writing copied hereinabove, and that then said Orth on said day put defendant in possession of the premises described in said complaint and in possession of the whole of said ten acres, and that defendant has held possession thereof ever since; that the plaintiff and all his grantors back to and including said Orth, had, at all times since said 9th day of October, 1884, notice and knowledge of said agreement in writing and of said possession of defendant; that said ten acres of ground includes the ground described in plaintiff's complaint; that defendant had fully performed his part of said agreement in writing with said Orth, in every particular; that this defendant long prior to the beginning of this suit and before the plaintiff herein became the owner of said premises, had made, erected and constructed upon the whole of said ten acres, including the land described in the complaint, valuable and lasting improvements, consisting of a dwelling house, orchards, barns, stables, reservoirs, ice houses and other structures, all of the aggregate value of $20,000; $15,000 of which were on the premises described in the complaint, and that the improvements, on the part of said ten acres described in the complaint, were put there subsequent to November 26, 1888, and the rest of the

improvements prior thereto with the knowledge and consent of said E. H. Orth; and that said improvements were made with the full knowledge and consent of the plaintiff."

If the defendant can prove what is contained in this offer the evidence will show that both parties to the agreement have made their election under the option—Orth by putting the defendant into the possession of the ten acres which includes the land in question, and the defendant by accepting such possession; that such election was made on the same day and immediately after the execution of the agreement; that the defendant has remained in possession ever since; that he erected valuable improvements on the land with the knowledge and consent of Orth and of his grantees, including the plaintiff, who were aware that he did so under claim of a valid title to the land; that the plaintiff stood by and suffered him to thus expend money on the land without making known his own claim, until he made improvements thereon, aggregating in value $20,000.

If these facts be established the plaintiff will not in equity and conscience be entitled to disturb the possession of the defendant.

Where a person seeks to recover on a legal title to the possession such title must be paramount to the legal or equitable title of the defendant, and the defendant has a right to set up his answer and prove any facts which will constitute an equitable estoppel. *Kahn* v. *Old Telegraph Mining Co.*, 2 Utah, 174; *Poynter* v. *Chipman*, 8 Utah, 442.

It is a settled rule of law that one cannot stand passively by, without making known his own claim, and see another purchase land, expend money and make valuable improvements thereon, in good faith, under claim of valid title, and then, when such improvements have been made, insist upon his legal right against such person.

In *Wendell* v. *Van Rensselaer*, 1 Johns. (N. Y.) Ch.

344, Chancellor Kent says: "There is no principle better established in this court, nor one founded on more solid considerations of equity and public utility, than that which declares, that if one man, knowingly, though he does it passively, by looking on, suffer another to purchase and expend money on land, under an erroneous opinion of title, without making known his own claim, he shall not afterwards be permitted to exercise his legal rights against such person. It would be an act of fraud and injustice, and his conscience is bound by this equitable estoppel." *Dickerson* v. *Colgrove,* 100 U. S. 578; *Kirk* v. *Hamilton,* 102 U. S. 68; *Truesdale* v. *Ward,* 24 Mich. 117.

The defendant should also be permitted to show, as was indicated by his offer that he was in actual possession of the land when the plaintiff purchased it, for such possession was notice and evidence of ownership, sufficient to put the plaintiff on inquiry. *Toland* v. *Corey,* 6 Utah, 392.

The appellant's case is not well presented in the record. We think, however, that sufficient appears to show that his rights have been prejudiced by the rejection of the evidence offered, and that he ought to have an opportunity to amend his pleading and try the case on its merits.

For these reasons the judgment is reversed and the cause remanded to the district court with directions to grant a new trial and permit the parties to amend their pleadings.

ZANE, C. J., concurred.