B. B. CLARK, APPLICANT FOR DEED UNDER TOWN-
SITE ACT, RESPONDENT *v.* KIRBY & WILSON,
ADVERSE CLAIMANTS, APPELLANTS.

STATEMENT REQUIRED BY SEC. 2817 C. L. U. 1888—WHEN AMEND-
MENT ALLOWED—EQUITABLE ESTOPPEL—HOW ESTABLISHED.

*Statement required by Sec. 2817 C. L. U. 1888—When Amendment
Allowed.*

> Where the statement in writing required by Sec. 2817 C. L. U.
> 1888, is signed by an attorney in fact in his own name with-
> out disclosing his principal, it is proper to allow an amend-
> ment in accordance with the fact, if the adverse claimants
> are in no manner prejudiced thereby.

*Equitable Estoppel.*

> One R. went into possession of the lot in question in 1891,
> under a verbal agreement with one C. recognized by both
> parties as the rightful occupant at the time of entry of the
> townsite, and made substantial improvements thereon and he
> and his grantees including respondent have been in actual
> and exclusive possession ever since. In 1895 C. made the
> deed to W. under which appellants claim, but prior to the
> deed by express words and acts and by silence while R. was
> improving the property recognizing R.'s rights in the prem-
> ises. *Held,* that C. and those claiming under him are es-
> topped to deny title of R. and his grantees.

*Equitable Estoppel—How Established.*

> Equitable estoppel may be established by proof of silence when
> conscience requires one to speak, or by acts or language.

(Decided December 19, 1898.)

Appeal from the District Court of Juab County, Hon.
E. V. Higgins, *Judge.*

Application by C. W. Clark for a deed under Section 2817 C. L. Utah, 1888. Kirby and Wilson filed their adverse claim for a deed to the same lot. C. W. Clark was allowed to amend his petition showing that he was the agent of B. B. Clark, and on the hearing, a deed to the lot was ordered to B. B. Clark and the application of Kirby and Wilson dismissed. From that judgment Kirby and Wilson appeal. *Affirmed.*

*Messrs. Dey & Street* and *W. H. Bramel, Esq.,* for appellants.

The court erred in permitting C. W. Clark to amend his application by making B. B. Clark applicant therein. It is beyond the jurisdiction of the court to make such an amendment, an amendment which affects an entire novation of parties on one side or the other is in substance the institution of a new suit and cannot be made. *Dubbers* v. *Goux,* 51 Cal., 153; *Little* v. *Virginia, etc., Water Co.,* 9 Nev., 317; *Elberg* v. *County,* 112 Cal., 316; *N. Y. Milk Pan Association* v. *Remington,* 89 N. Y., 22; *Sterret* v. *Barker,* 51 Pac., 695; *Wood* v. *Life Ins. Co.,* 56 N. Y. 8; *Hallet* v. *Larcom,* 51 Pac., 108; 1 Enc. Pl. & Pr., 545.

There is no evidence to support the finding of the court to the effect that R. entered upon said lot and built said house under claim of right or under an agreement with C. *Lockwitz* v. *Larsen,* 52 Pac. 279.

Any subsequent claimant must derive his title from C. under some method recognized by law. Under our law it requires an instrument in writing to pass title to real property from one person to another, unless title comes through adverse possession which presumes an instrument as the original source of title. 2 Comp. Laws, 1888, Sec.

2831; 2 Comp. Laws, 1888, Sec. 3916; *Anson* v. *Townsend*, 73 Cal. 415; *Hall* v. *Wallace*, 88 Cal. 434; *Hopkins* v. *Noyes*, 2 Pac. 280; *Allen* v. *Mansfield*, 18 S. W. 901; Jones on Evidence, Sec. 416.

The court erred in permitting Clark to give in evidence the deed of R. to P. This deed was of no force unless it was shown by proper and competent evidence that R. owned the land described in the deed. No such showing was made. The title was shown to be in C. on January 23d, 1891, and it could pass from him to R. only by deed, will, or decree of court.

If any contract existed between C. and R. it could only be valid by compliance with the law. *Swash* v. *Sharpstein*, 44 Pac., 862; *Churchill* v. *Stephenson*, 45 Pac., 28; *Williams* v. *Morris*, 95 U. S., 456.

The court erred in allowing applicant Clark to give evidence as to the statements made by C. as to agreements between C. and R. Any contract or agreement affecting or transferring the title to real property can be shown only by writing.

*Messrs. Powers, Straup & Lippman* and *Edward Pike, Esq.*, for respondents.

Courts always exercise a liberal discretion in allowing amendments, and unless some injustice has been done or hardship wrought a judgment should not be reversed because of amendments allowed.

It was on the doctrine of estoppel that the court awarded title to respondent, and the only question is whether the findings of the court on that question are supported by the evidence. The law as to estoppel being so well settled and so frequently announced, we are content to refer the court to Herman on Estoppel, Sec. 939 and 940; Pomeroy Eq. Jr. Secs. 103, 1297 and 1409;

Wood Stats. of Frauds, p. 826–7; Pingrey Real Property, Secs. 823, 1346; *Boggs* v. *Merced Min. Co.*, 14 Cal., 279; 7 Am. & Eng. Ency. Law, p. 18; 7. Am. & Eng. Ency. of Law, p. 23.

ZANE, C. J.

It appears from the record that the Eureka Townsite in Juab County, Utah, was entered by the Probate Court of that County on January 23, 1891, in pursuance of an Act of Congress providing for such entries (14 U. S. Stat. at Large, p. 541); that C. W. Clark, on August 16, 1897, filed an application for a deed to lot 17, block 1, plat " C" of Eureka Townsite, and that Kirby & Wilson, on September 7, 1897, filed their adverse claim for a deed to the same lot. It also appears that on April 6, 1898, the court below heard the evidence offered by the respective claimants, and ordered a deed to the lot made to B. B. Clark, and the application of Kirby & Wilson dismissed. From that judgment the appellants have appealed to this court, and allege the court below erred in permitting the respondent to amend his written application by inserting " B. B. Clark by C. W. Clark, his attorney in fact," instead of C. W. Clark.

Section 2817 C. L. U. 1888, requires the person claiming to be the rightful occupant, in person, or by his agent or attorney, to sign a statement in writing, containing a description of the land claimed and deliver it to the clerk of the Probate Court. In this case C. W. Clark signed the application without stating he was attorney in fact, and without making any reference to his principal. The application purported to be his own application and not the application of B. B. Clark. The rightful occupant is not required to sign the statement or application in per-

son, his name may be signed by his agent or attorney. The statement must be treated by the court as a complaint, and the material facts may be denied, and the issues tried.

We are disposed to hold that the amendment complained of was made in furtherance of justice. It does not appear that the appellants were mislead to their prejudice by the error, or that they were surprised and not ready to proceed with the trial on the claim as amended, or that they asked for further time to prepare to meet the new matter presented by the amendment. By the amendment the respondent was permitted to test his right to the lot in dispute on its merits, and no injustice appears to have resulted in consequence of it. We are of the opinion the order complained of was not erroneous. The law required the court in this case, upon the hearing, to order the conveyance of the lot in dispute, to the rightful occupant at the time of the entry of the townsite by the probate judge of Juab county, or to the person to whom he may have lawfully transferred his right. The appellants and respondent recognize the late James Cannon, as the rightful occupant, and in the lawful possession of lot 17, at the time of the entry of the townsite.

It appears from the findings and the evidence that in the fall of 1891, one E. W. Rathbone, in pursuance of, and by virtue of a verbal agreement with Cannon, took possession of the lot and built a house upon it with the knowledge and consent of Cannon, and that he erected monuments marking the boundaries thereof with substantial posts; that his right thereto was acknowledged by Cannon, and that Rathbone so continued in its exclusive possession until February 2, 1893, when he conveyed it by a sufficient deed to one M. E. Price, who entered into its actual and exclusive possession and held it until Octo-

ber '18, 1894, when he conveyed it by a sufficient deed to B. B. Clark, the respondent, and that he has ever since been in its possession claiming to own it. The appellant Wilson claimed the lot by virtue of a deed from Cannon delivered August 14, 1895, and appellant Kirby claims an individual interest in the same by virtue of a deed from Wilson delivered to him February 10, 1896.

While it appears that Rathbone took possession of the lot in pursuance of an agreement with Cannon, the agreement appears to have been a verbal one. Undoubtedly such an agreement could not pass the title to Rathbone, and the respondent does not claim it did. The respondent relies on an equitable estoppel. It not only appears that Rathbone took possession of the lot in pursuance of an agreement with Cannon, but he built a house on it with his knowledge, without objection, and after Rathbone had conveyed it to Price, Cannon said Rathbone had a right to convey it. It appears that Cannon on other occasions, before the deed to Wilson, stated that Rathbone had an interest in the forty acres of which the lot in dispute was a part and that he had given him and McChrystal two lots and by his acquiescense and admissions recognized Rathbone's ownership and right to build on it and sell it. We are of the opinion the findings of fact were supported and established by the evidence, and that they estopped Cannon, before his deed to Wilson, from claiming the lot, and the appellants from a right to a deed thereto. Cannon should have refused to make the agreement under which Rathbone went into possession and he should have made his intention to reclaim the lot known to Rathbone when he saw him building upon and improving it. He should not have stated that Rathbone had the right to convey it. By such silence, conduct and declarations Rathbone was induced to expend his labor and money in its

improvement, and it would work greatly to his injury after the improvements are made to reclaim and repossess the property as it would to his grantee and respondent. The maxim applicable to such a case is that "He who is silent when conscience requires him to speak, shall be debarred from speaking when conscience requires him to keep silent." 2 Herman on Estoppel and Res Adjudicata, Secs. 937, 938 and 939.

Appellants also urge the court erred in overruling their objections to certain questions propounded to witnesses as to what Cannon said as to Rathbone's ownership of the lot and his right to convey it. The inquiry was to statements of Cannon made after the deed to Wilson. Any admissions of Cannon before that time tending to show that Rathbone was the owner of the lot and authorized to convey it, was competent on the issue of estoppel. By such conduct, whether it consists of silence when the person should speak, or acts or language, an equitable estoppel may be established. We find no reversible error in the record.

The judgment is affirmed, with costs of appeal against appellants.

MINER, J., concurred.