Hillsborough, }
 June, 1900. }

## RIEL v. PRESS.

The deed of a married woman resident in this state is sufficient to convey the title to realty acquired and held by her here, without the signature of her alien husband who has always resided abroad.

In an action to recover money paid on a contract for the purchase of real estate, on the ground that the deed tendered was not executed by the husband of the vendor, it is incumbent on the plaintiff to establish the fact that the defendant has a husband who has or could have an interest in the land.

ASSUMPSIT, to recover money paid upon a contract to purchase real estate. The plaintiff bid off the defendant's real estate at an auction sale, and paid $200 on account of the purchase price. The defendant subsequently tendered a deed of the land, executed in due form except that it was not signed by her husband, who is an alien and has always resided in Ireland. The defendant has lived in this state, separate from her husband, for many years. Upon the foregoing facts a nonsuit was ordered, and the plaintiff excepted.

*Emile H. Tardivel*, for the plaintiff.

*Sullivan & Broderick*, for the defendant.

PARSONS, J. "If a woman, the wife of an alien or of a citizen of another state, has resided in this state six months successively, separate from her husband, she may acquire and hold real and personal estate, and convey the same, as if she were sole and unmarried. . . . If the husband of such woman becomes a citizen of this state, and they cohabit together, the fact of his becoming such citizen, and such cohabitation, shall have the same effect upon any contract or business of the wife as if the marriage between them had then first been solemnized." P. S., c. 176, ss. 8, 9; Laws 1841, c. 607, s. 4.

These provisions antedate and are entirely independent of the general legislation upon the property rights of married women, under which the husband's common-law right of curtesy is expressly reserved. Laws 1846, c. 327, ss. 2, 7; Laws 1860, c. 2342, ss. 1, 3; P. S., c. 176, ss. 1, 3; *Ib.*, c. 195, s. 9; *Albin* v. *Lord*, 39 N. H. 196, 203; *Cressey* v. *Wallace*, 66 N. H. 566, 567, 568. The statutory provisions first cited were an extension of a common-law exception to a disability of coverture now practically abolished

by the latter. *Robinson* v. *Reynolds*, 1 Aik. (Vt.) 174; *Gregory* v. *Paul*, 15 Mass. 31; *Abbot* v. *Bayley*, 6 Pick. 89; *Ames* v. *Chew*, 5 Met. 320, 321; 2 Kent *154–*162.

Section 9, chapter 195, of the Public Statutes, " The husband of a person deceased, holding property in her own right, shall be entitled to his estate by the curtesy in all lands and tenements owned by her, when he would be entitled to hold as tenant by the curtesy at common law," construed with sections 8 and 9, chapter 176, of the Public Statutes, does not give the alien husband subsequently becoming a citizen of this state curtesy in land which his wife had acquired and conveyed during her separate residence here, even if under the circumstances he might have that right at common law. Under the statute, his subsequent citizenship and cohabitation affect her prior contracts as if the marriage were then first solemnized. His right of curtesy would therefore be limited to estate acquired or held by her after the date of such citizenship and cohabitation.

The plaintiff seeks to recover money paid on a contract for the purchase of real estate. " The right in the vendee of land . . . to recover back what money he has advanced or paid, is confined to those cases where the vendor has refused, or become unable, to carry out the contract; the plaintiff himself having faithfully performed or offered to perform his part of the contract." *Reddington* v. *Henry*, 48 N. H. 273, 279. The burden is therefore with the plaintiff in the present case to establish the defendant's refusal or inability to convey to him the real estate which was the subject of the contract. The defect relied upon in the deed tendered was that it was not executed by the defendant's husband. But the plaintiff failed to establish that the defendant had a husband who had or could have any interest in the land. The facts that the defendant's husband was an alien who had always resided in Ireland, and that the defendant had resided in this state many years, established the defendant's ability alone to convey the land and the validity of her deed without the signature of the husband. As the defendant's refusal or inability to complete the contract cannot be inferred from the evidence, the nonsuit was properly ordered.

It is urged that the husband would not be bound by the judgment in this case, that the plaintiff's title would depend upon matter outside the record, and that, if he accepted the deed without the husband's signature, at some future time he might be compelled to litigate the alienage of the husband. It does not appear that the defendant contracted to do more than convey to the plaintiff " a perfect and indefeasible title, and to assure the same by a deed in common form and with the usual covenants."

*Critchett* v. *Cooper*, 65 N. H. 167, 168. She did not agree to make it impossible for all persons to make unfounded claims. The residence of the defendant in this state and the non-residence or alienage of her husband were facts in issue in the present case. *Emerson* v. *Shaw*, 57 N. H. 223. Their determination in favor of the defendant entitles her to judgment.

*Exception overruled.*

PEASLEE, J., did not sit: the others concurred.