Murphy v. Ganey.

PRISCILLA W. MURPHY, Appellant, v. HUMPHREY
J. GANEY et al., Respondents.

ESTOPPEL—TITLE TO REAL PROPERTY—LACHES—PLEADINGS—AMEND-
MENT—EVIDENCE—WITNESSES—COMPETENCY—HUSBAND AND WIFE.

1. A wife owning real property executed a conveyance to her husband,
and he wrongfully recorded it, but the wife failed to give notice of
such wrongful conduct till the husband sued for a divorce, four years
thereafter. The title to the property was in issue in the divorce suit,
but was not determined, and the wife accepted a decree giving her a
lien thereon for alimony, and afterwards received the benefits thereof.
Thereafter the decree was modified on a notice to her attorney, not
referring to the title to the property, declaring the title to be in the
husband. On the death of the husband the wife filed a claim against
his estate, which was settled. *Held,* that the laches of the wife
estopped her from claiming the premises as against the persons to
whom they had been sold and conveyed by the husband after the
divorce decree.[1]

2. Where notice of a proposed amendment setting up the defense of
res judicata is given before the trial, and the court offers to grant
a continuance if the opposite counsel is taken by surprise, the grant-
ing of the amendment is not erroneous.

3. A husband purchased real property, and afterwards conveyed it to
his wife, and both were made parties defendant to a suit by an ad-
verse claimant to quiet the title thereto, and the husband testified
therein in the interest of himself and wife, without the express consent
of the wife. *Held,* that the admission of such testimony was not pro-
hibited by Revised Statutes 1898, section 3414, providing that a hus-
band and wife shall not testify for or against the other without the
consent of the latter, since such testimony was in the interest of both
husband and wife, and the latter impliedly consented thereto.

[1]Allen v. Cannon, 8 Utah 67; 28 Pac. 868; Irrigation Co. v. Moyle,
4 Utah 327; 9 Pac. 867; Butterfield v. Storage Co., 11 Utah 199; 39 Pac.
824; Raht v. Milling Co., 18 Utah 290; 54 Pac. 889, and cases cited;
Duke v. Griffith, 9 Utah 475; 35 Pac. 513; Clark v. Kirby, 18 Utah 263,
264; 55 Pac. 372; Pyper v. Association, 20 Utah 9; 57 Pac. 533.

4. Revised Statutes 1898, section 3413, prohibiting a party in a suit in which the adverse party sues as executor, administrator, heir, legatee, or devisee of any deceased person, or as guardian, assignee, or grantee of such heir, legatee, or devisee, to testify to any statement by or transaction with the deceased person, does not prevent a grantee of a deceased grantor from testifying to conversations with the latter in a suit by the divorced wife of the grantor, claiming the property conveyed in her own right.

5. Where a divorced wife of a deceased grantor introduces evidence of conversations between the grantor and grantee in a suit to establish the title in her own right to the property conveyed, she can not complain of the admission of similar testimony on the behalf of the grantee.

Decided September 17, 1901.

Appeal from District Court, Weber County.—*Hon. Ogden Hiles,* Judge.

Action to quiet title by Priscilla Wheatley Murphy against Humphrey J. Ganey and Mary A. Ganey. From a decree in favor of defendants, plaintiff appeals.

AFFIRMED.

Suit by plaintiff to quiet title to a certain tract of land three rods by eight rods, in Ogden city. In brief, the trial court found that on October 15, 1881, plaintiff made and executed a good and sufficient warranty deed to her husband, Jesse J. Murphy, for the said land, which deed was afterwards, on September 30, 1885, recorded in the recorder's office of the county where said property is situated; that since said time, and up to and including November 20, 1891, the said Jesse J. Murphy had full, open, notorious, and exclusive possession of said property, and mortgaged and incumbered the same, and offered the same for sale to various persons as his sole property in fee, without objection being made by plaintiff, notwithstand-

ing she had full knowledge and notice of the delivery and re-
cording of said deed, and of the mortgaging and offers for sale
of said property by said Jesse J. Murphy; that on November
20, 1891, Jesse J. Murphy sold and conveyed by warranty
deed, said land to Humphrey J. Ganey, for the consideration
of $2,600; that on July 13, 1892, the defendant Humphrey
J. Ganey sold and conveyed by warranty deed to his wife, the
defendant Mary A. Ganey, the said premises; that both de-
fendants were innocent purchasers for value, and at the time
of purchasing said property neither had any notice whatever,
actual or constructive, that plaintiff had or claimed to have
any estate or interest, either legal or equitable, in said prop-
erty; that at the time Jesse J. Murphy procured said deed to
said property from plaintiff he did so by force, and without
the consent of plaintiff, and had the same recorded without
the consent and against the wishes and will of plaintiff, but
that plaintiff took no steps to recover said deed, or to warn any
person against dealing with Jesse J. Murphy for said property,
until 1889, when, in an action for divorce, brought by Jesse
J. Murphy in Salt Lake county, this plaintiff (defendant in
said action) set up in a cross-complaint a claim to said prop-
erty, and asked to have the same transferred to her by an order
of said court; that ever since the fifteenth of October, 1881,
the record title to said property has been in persons other than
the plaintiff, to wit, Jesse J. Murphy and these defendants,
who have claimed the property as against plaintiff and the
whole world, of which record and claim this plaintiff had full
knowledge and notice, but, notwithstanding the same, slept on
her rights in or to said property, and failed since the first of
August, 1894, to make or set up or give notice of her claim
or right or title to said property through the records of the
county where said property is situated, or through the courts,
or otherwise, to the person holding the legal title; that in the
said action for divorce brought by the defendants' grantor,

Jesse J. Murphy, against this plaintiff, Priscilla Wheatley Murphy, by cross complaint in said action this plaintiff (defendant there) set up the same claim against the title of said Jesse J. Murphy to said property that she sets up against these defendants, and prayed in said cross complaint in said divorce case that the 'deed hereinbefore mentioned to Jesse J. Murphy be declared null and void, and that title to said property be confirmed in and possession given to said Priscilla Wheatley Murphy; and that in said action for divorce there were involved the same facts, property, deed, claim, rights, and title as are involved in this controversy and action, and that the same cause of action in every respect was set forth and issues of fact joined and matters pleaded as in this action. The trial court also found "that in said action [for divorce] it was adjudged and decreed by said court that the said Jesse J. Murphy, defendants' grantor, was the owner and entitled to the possession of said property as against the said Priscilla Wheatley Murphy and all the world, and free and clear of all liens and incumbrances on and by the said Priscilla Wheatley Murphy, except so far as was necessary to protect her in the payment of any sum the court should award her for the support of her minor child, Clara Murphy; and that said decision and judgment was never appealed from by said Priscilla Murphy, and now stands in full force and effect." As conclusions of law the trial court found that the matters in issue are *res adjudicata;* that plaintiff has been guilty of such laches as to preclude her from maintaining suit against these defendants; that defendants are both innocent purchasers, for value, without notice of any claim of plaintiff to said property; and that defendant Mary A. Ganey is the owner and entitled to the possession of such property, and is entitled to judgment of court. Plaintiff appeals from the judgment entered for defendants, and relies upon the insufficiency of the evidence

to sustain the findings, and upon errors of law occurring at the trial.

The testimony shows on the question of *res adjudicata* that, while the same issues were made in the divorce case as in this case as to Jesse J. Murphy wrongfully taking possession of and recording the deed to the property in question, the only finding in the divorce case in reference to the ownership thereof is that defendant contributed largely of her own money towards the purchase of the property mentioned in her cross-complaint, being the homestead in Salt Lake City, then valued at $6,500 (incumbered by a mortgage amounting to $1,000), and the Ogden property, valued at $3,500, then free from incumbrances; "that these pieces are all the property owned by either of the parties;" that the defendant is entitled to the ownership and possession of the homestead mentioned in the cross-complaint. No further reference to this property was made in the findings, conclusions, and decree in said divorce suit, except that defendant was given a lien on the Ogden property (describing it), the property in dispute here, for the security of the judgment of $12 per month alimony to be paid by plaintiff to defendant in that case. The decree in the divorce case entered June 24, 1890, was never appealed from, and remained unmodified until October 22, 1890, when, upon an application based upon the verified petition of the plaintiff in that case and an affidavit of the daughter, moving the court to vacate and modify certain portions of the decree, the court made additional findings, conclusions, and decree as follows: "The court further finds that the property given to said defendant is a valuable property, and is worth about $10,000, and that it constitutes at least half of all said plaintiff's land. Said plaintiff is a man of years, to wit, some seventy years of age, and is somewhat broken in health, and is capable of earning but little, if any, more than enough to support himself and his said daughter, that resides with him; and that he is entitled to

have the balance of his property in Ogden City free of all liens and incumbrances and rights therein by said defendant, except so far as to protect her in obtaining the amount to be paid to said minor child, Clara Murphy, as long as she shall reside with her said mother." The supplemental decree, after reducing the amount of alimony to be paid, which was secured by a lien upon the Ogden property, ordered and decreed "that said defendant shall have no right of dower or other claim, except as aforesaid, on the lands of the plaintiff in Ogden or elsewhere, acquired or to be acquired by him; and her right of dower is hereby extinguished in all of said property, and especially in the following described premises and property, to wit (describing the premises in dispute in the present action). Defendant in that action, Mrs. Murphy, did not appear upon the hearing of said motion upon which supplemental findings and decree were given, so far as the record discloses; and, while notice of the application to modify the decree was served upon her counsel, such application and notice thereof involved only a modification of the decree as to the custody of the minor children, the amount of the monthly allowance of alimony, and the security of the same by lien on the Ogden property. No notice was given of the application for the part of the supplemental decree above quoted. The prayer for general relief, however, was "for such other and further relief as plaintiff may be entitled to in the premises." After the death of Jesse J. Murphy, and on August 1, 1894, Mrs. Murphy, by her counsel, filed a petition in said divorce cause reciting substantially all the prior proceedings, and reviewing the allegations of her cross complaint as to the wrongful taking of the deed from her by plaintiff; the death of the plaintiff, Jesse J. Murphy, was suggested; and the prayer was that the executor be substituted in place of the plaintiff, and that the property be redistributed, and all of it awarded to petitioner. On August 6, 1898, a stipulation was filed in said cause, signed by the attorneys for the parties

thereto, including plaintiff's executor, providing that said petition "may be dismissed upon the motion of counsel for either plaintiff or defendant in said action, the matters involved therein having been settled in full; and this is authority for said dismissal."

*Messrs. Goodwin & Van Pelt* for appellant.

*H. R. Macmillan, Esq.,* for respondents.

HART, District Judge (after making the foregoing statement).—While there is some conflict of testimony on the issues other than *res adjudicata,* the findings of the court thereon are all sustained by competent testimony, and we are satisfied therewith. While plaintiff, Mrs. Murphy, may have given notice of her claim to said premises to some of the real-estate agents of Ogden just before or about the time the divorce suit was filed, we are content with the finding of the trial court that defendants had no knowledge or notice of such claim before purchasing, and that they were bona fide purchasers for value. It will be observed from the statement of facts that, while the same issues, as to Jesse J. Murphy obtaining title to the property in dispute, were involved in the divorce case and the present suit, yet no finding or decree was given originally in the divorce suit disposing of such issues. Only by inference was said property awarded to the husband, the decree providing for a lien to the wife upon said premises to secure the payment to her of the alimony awarded. It is to be noted that as to the supplemental decree, which attempted to award directly to the husband (divorced) said premises, said decree was made in the absence of the wife (divorced), and without notice to her counsel that such modification would be asked for. The last petition in said divorce case, filed after the death of the plaintiff, Jesse J. Murphy, and after proceedings in probate of his estate

had commenced, which petition it was afterwards stipulated by counsel might be dismissed as having been settled, simply sought to have the premises distributed to the petitioner for various reasons set up in the petition.    As to whether the proceedings in the divorce case, to which defendants' grantor was a party, should be held to be *res adjudicata* in the suit at bar, we do not deem it necessary to decide, in view of other questions in the record.    Plaintiff's conduct and position as defendant in the divorce case may be considered only so far as the same may bear upon the defenses of laches, estoppel *in pais,* and innocent purchasers.    Plaintiff executed the deed to her husband, and placed it in his power to deal with the premises as his own.    She failed to give notice of her claims for many years after the deed was wrongfully taken and recorded. Through her conduct the defendants were permitted to become bona fide purchasers for value.    Where one of two innocent parties must suffer by reason of the wrong of a third party, he who trusted the third party, and enabled the wrong to be done, must suffer.    Lawrence v. Investment Co. (Kan.), 32 Pac. 816; Butterfield v. Storage Co., 11 Utah 199, 39 Pac. 824. After plaintiff asserted in court her claim, she accepted a decree giving her a lien upon these premises.    No appeal was taken by her from a decree inconsistent with her claim of ownership.    For years she accepted and continued to receive the benefits of the lien decreed in the shape of the enforced payments of alimony.    She suffered this decree to be modified, awarding absolutely the premises to her former husband, and continued to receive the protection of the lien upon the same for the alimony still required to be paid.    Then, years after, when the husband died, and she again came forward making claim for the property, she stipulates, through her counsel, for dismissal of the proceedings, because settled.    Certainly, one purchasing, as the defendants did, upon only such information as the public records afforded, would be justified in considering

that this plaintiff.had abandoned any or all claim made to the premises. She accepted the decree, and the modifications made therein, so far as the same were favorable to her. Why should she not be bound by the unfavorable portion? Besides remaining inactive from 1885, when the deed was taken and recorded, to 1889, when the divorce suit was begun, and in addition to her conduct in that case, she has permitted these defendants to be in possession of said premises since the purchase, in 1891, to the filing of the complaint herein, on December 28, 1899, paying taxes thereon, lifting therefrom mortgage and lien incumbrances amounting to more than $1,000 (the same being a part of the $2,600 consideration), and slightly improving the property. Owing to her negligence, laches, silence, and other conduct, plaintiff should be held in equity estopped to make claim to the premises. Allen v. Cannon, 8 Utah 67, 28 Pac. 868; Irrigation Co. v. Moyle, 4 Utah 327, 9 Pac. 867; Butterfield v. Storage Co., supra; Raht v. Milling Co., 18 Utah 290, 54 Pac. 889, and cases cited; Oil Co. v. Marbury, 91 U. S. 587, 23 L. Ed. 328; Hoyt v. Lathan, 143 U. S. 567, 12 Sup. Ct. 568, 36 L. Ed. 259; Duke v. Griffith, 9 Utah 475, 35 Pac. 513; Dickerson v. Colgrove, 100 U. S. 578, 25 L. Ed. 618; Kirk v. Hamilton, 102 U. S. 68, 26 L. Ed. 79; Williams v. Merle, 25 Am. Dec. 612, notes; Saltus v. Everett, 32 Am. Dec. 547; Wendell v. Van Rensselaer, 1 Johns. Ch. 354; Clark v. Kirby, 18 Utah 263, 264, 55 Pac. 372; Pyper v. Association, 20 Utah 9, 57 Pac. 533.

Appellant complains that it was an abuse of the discretion of the court to permit, upon the commencement of the trial, defendants to amend their answers setting up the defense of *res adjudicata*. We do not think that plaintiff was in any wise prejudiced by the amendment. Some time before the trial notice was given of the proposed amendment, the court also offered to continue the hearing if counsel was taken by

surprise, or was not prepared to meet the new defense.    It is also urged that it was error, under section 3414, Revised Statutes 1898, to permit H. J. Ganey to testify in the case without the consent of his wife.    H. J. Ganey was a party to the suit, as well as his wife.    The same counsel represented each. Counsel for the wife called the husband as a witness, and no objection was made on her behalf.    It was to the interest of both husband and wife that the husband should testify.    The testimony did not relate to confidential communications.  There was an implied, if not an actual, consent.    Rev. Stat., sec. 3412; Railroad Co. v. Hawthorn (Wash), 19 Pac. 25; Carney v. Gleissner (Wis.), 17 N. W. 398; Snell v. Bray (Wis.), 14 N. W. 14.    The same witness was permitted to testify as to conversations had with Jesse J. Murphy, deceased.    This was not in violation of section 3413, Revised Statutes 1898. The adverse party, the plaintiff, was not suing as executor, administrator, heir, legatee, or devisee of the deceased; nor as guardian, assignee, or grantee, directly or remotely, of such heir, legatee, or devisee.    Appellant first introduced, over the objection of the defendants, testimony of the plaintiff as to conversations with the deceased, under whom the adverse parties, the defendants, were claiming as grantees.  After securing the admission of such testimony, appellant should not complain that the court also admitted similar testimony from one of the defendants.

Appellant also complains that plaintiff was permitted to be cross-examined as to the contents of her cross-complaint in the divorce case, and as to the testimony she gave upon the trial of that case.    This was proper cross-examination, in view of her testimony on direct examination as to the circumstances under which J. J. Murphy obtained the deed, and that she had told Ganey she was "getting a divorce from him on these

grounds—cruelty, and selling my property." The decision of the trial court is affirmed, with costs.

*Baskin* and *Bartch, JJ.,* concur.