The counsel for the appellants insists that the referee erred in refusing to find the fact that Abner Hasbrouck signed the bond upon the condition that it should thereafter be signed by James Dolson. If the evidence conclusively proved this fact, and its finding in connection with the other facts found would constitute any defence to the action, the point is well taken. Hasbrouck and Freer, both defendants in the action, to whose benefit the testimony would inure, gave evidence tending to prove this fact. Several other persons present at the time and participating more or less in the business then being transacted, and having an equal opportunity to hear the conversation testified to by Hasbrouck and Freer, testified that they did not hear it; or if so, they had forgotten it. Hasbrouck and Freer were parties defendants in the action, testifying in their own behalf, and to protect their own interests, which were large. Their credibility under these circumstances was for the consideration of the referee; and it cannot be said that it was a legal error to discredit it. (Pawling v. The United States, 4 Cranch [U.S.S.C.R.], 219.) It is therefore unnecessary to determine whether the fact, if found, would have been at all material. The question is whether the referee erred in his legal conclusion that upon the facts found the plaintiff was entitled to recover; or, in other words, whether the facts found from evidence introduced by the defendants, showed that they never became liable upon the bond.
The plaintiff's intestate had been appointed collector of *Page 70 
internal revenue by the government of the United States, and proposed to appoint the defendant, Charles J. Dolson, a deputy collector, and required security from him to account for and pay over the money received by him as such deputy. For this purpose the bond in question was prepared for execution; as to which the referee finds the following facts: That at the time the bond was executed by the parties, one James Dolson was named in the bond as one of the obligors therein. Before the defendants, Hasbrouck and Freer (the appellants) signed the bond, they were told by the defendant, Charles J. Dolson, that the said James Dolson was to sign the bond; and at the time they signed said bond they expected that the said James Dolson would sign the bond; that after they signed the bond the name of James Dolson was struck out of the bond, without their knowledge and consent. That the plaintiff's intestate was not present at the time the bond was executed, and that there was no evidence that at the time the bond was delivered to him he knew or had any information of the above facts; that a few days after its execution it was delivered to the intestate by the defendant Charles J. Dolson; that after the bond was executed it was left with the defendant Charles J. Dolson, without any direction by the defendants, Hasbrouck and Freer, or any of the parties to the bond that it was not to be delivered to the intestate until it should be signed by James Dolson.
The only inference that can be drawn from these facts is that the bond was executed by Charles J. Dolson as principal and by the others as his sureties, and left by the latter with the former, to be delivered to the intestate for the purposes intended, but that the sureties expected that before such delivery it would be executed by James Dolson as co-obligor and co-surety with them. It is clear, upon these facts, both upon principle and authority, that the bond was a valid obligation upon those who executed it. Upon principle, for the reason that the sureties knew the purpose of making the bond was the protection of the *Page 71 
intestate from loss from the acts of Charles J. Dolson as deputy collector. They left the bond in his hands for delivery to the intestate for that purpose, expecting that he would, before that, procure its execution by James Dolson. The intestate knew nothing of this expectation; he relied upon the bond, and so relying appointed the principal deputy collector; and thus became himself responsible for his acts as such. The appellants by executing the bond and leaving it with Dolson, the principal, placed it in his power to deliver it as a valid and complete instrument. He did so deliver it, and thereby the intestate was induced to appoint him deputy and incur the responsibility consequent upon the appointment. It is a case for the application of the maxim that when one of two innocent parties must sustain a loss from the wrongful act of a third, the loss must be borne by the one who has enabled the wrong-doer to commit the act.
It is insisted by the counsel for the appellant that the bond, upon its face, showed that the name of James Dolson had been inserted in the body as an obligor, and erased therefrom, and that this should have put the intestate upon inquiry to ascertain why it was not executed by him. The case shows that all the names in the body of the bond were written by the justice who took the acknowledgments of those who executed it and by whom the oath to the justification was administered. Under these circumstances the erasure of a name of a person, who did not execute, from the body of the bond, would not excite suspicion of wrong if it would in the absence of these facts. The authorities are conclusive against the defence upon the facts found. (Dair v. The UnitedStates, 16 Wallace, 1; State v. Peck, 53 Maine, 284; State
v. Pepper, 31 Indiana, 76; McCormick v. Bay City, 23 Michigan, 457.)
Chouteau v. Suydam (21 N.Y., 179), cited by counsel for the appellants, has no application to this case. The facts do not bring the case within the principle of The People v. Bostwick
(32 N.Y., 445), assuming that that case was well decided; which may well be questioned. (See *Page 72 Dair v. United States, and other cases, supra.) But in that case stress was laid and the judgment was based upon the fact that the agent of the principal was directed by the sureties executing the bond, not to deliver it to the auditor unless it should first be executed by Dickerson as co-surety, and that he did deliver it without doing this. No such fact is found in this case.
The judgment must be affirmed, with costs.
All concur.
Judgment affirmed.