CLARA E. BANGS, PLAINTIFF, *v.* ELLEN A. BANGS AND JOHN W. OSBORN, JR., DEFENDANTS.

*Surety to a bond given by a general guardian — when he cannot defend upon the ground that an agreement, that another surety should be procured, was not complied with.*

This action was brought upon a bond, under seal, given by Ellen A. Bangs and the defendant Osborn, as her surety, on the appointment of the former by the surrogate of Monroe county, as the general guardian of her step-daughter, the plaintiff, who was then a minor over the age of eighteen years. The action was defended by Osborn on the ground that the bond was signed and acknowledged by him, pursuant to an understanding or agreement between the plaintiff and the defendants that it should not be used or filed in the office of the surrogate until and unless it should also be signed and executed by one of three individuals named, or some other responsible person, as co-surety, and that it should be returned to him, if such co-surety was not obtained, and that the bond was handed to the defendant Ellen A. Bangs, or to her attorney for her, upon that agreement or understanding.

The bond was filed in the surrogate's office, and was, although signed by but one surety, approved by him, contrary to the practice of the office which required two. The bond was in all respects fair, regular and complete on its face, as the bond of the guardian and one surety, and contained nothing to indicate that it was to be signed by any other person.

*Held,* that as the plaintiff was a minor she was not affected by any notice she might have had of the said agreement or understanding, and that the defense could not be sustained.

*The People* v. *Bostwick* (32 N. Y., 445) distinguished and doubted; *Grimwood* v. *Wilson* (31 Hun, 215) distinguished.

Where there is nothing upon the face of the paper indicating that other sureties are expected to become parties to the instrument, and no fact is brought to the knowledge of the obligee before he accepts the instrument calculated to put him on his guard in respect to that point, and to induce him, in the exercise of ordinary and reasonable caution and prudence, to make inquiry before accepting the security, the fault cannot be said to rest to any extent upon the obligee, and the failure to procure other sureties is no defense.

MOTION by the defendant Osborn for a new trial on exceptions taken at the Monroe Circuit, and ordered to be heard at the General Term in the first instance.

*J. M. Dunning,* for the plaintiff.

*J. A. Stull,* for the defendants.

SMITH, P. J.:

The action is on a bond, under seal, given by Ellen A. Bangs and the defendant Osborn, as her surety, on the appointment of the former by the surrogate of Monroe county, as the general guardian of her step daughter, the plaintiff, who was then a minor over the age of eighteen years. One of the defenses set up in the answer, and the only one that need be considered, is that the bond in suit was signed and acknowledged by the defendant Osborn in pursuance of an understanding or agreement between the plaintiff and the defendants, that the bond should not be used or filed in the office of the surrogate until and unless it should also be signed and executed by one of three individuals named, or some other responsible person as co-surety with Osborn, and that it should be returned to Osborn if such co-surety was not obtained, and that the bond was handed to the defendant Ellen A. Bangs, or to her attorney for her, upon that agreement or understanding, and not otherwise. The defendant Osborn, and his brother Wilbur F. Osborn, gave testimony tending to show a parol agreement or understanding of that nature. The plaintiff, as a witness in her own behalf, denied all recollection of it. The guardian was not examined as a witness, she having died before the trial. The original bond was put in evidence, and it was also exhibited to the court on the argument of the present motion. It was a printed blank, filled up in manuscript. The defendant Osborn was described in it "as surety," and in the affidavit, signed by him on the bond, he described himself as "the surety," and no place was left, either in the bond, acknowledgment or affidavit, in which to put any other name; nor was any other seal affixed to the bond than the seals opposite the names of the guardian and the defendant Osborn. The bond was, in all respects, fair, regular and complete on its face, as the bond of the guardian and her surety Osborn.

The testimony on the part of the defendant tends to show, that he signed and acknowledged the bond at Mrs. Bangs' house; that being in a hurry he left it with her to be completed by getting a co-surety; that after he left the house, Mrs. Bangs requested Wilbur F. Osborn, who is a lawyer, to leave the bond at the surrogate's office, she promising to procure another surety and bring him there to sign and complete it; that Wilbur Osborn accordingly took the

bond to the office of Mr. Shuart, the surrogate, and not finding him there, stated the circumstances to Mrs. Potter, an assistant in the office, and urged that it was very necessary for the interests of the ward to get possession, as soon as possible, of a fund belonging to her that was then in the hands of an insurance company; that Mrs. Potter said the surrogate would not grant letters of guardianship on a bond with only one surety; that such was the practice of the office, but that she would issue a certificate of guardianship on which they could get the money, but that if the other surety was not furnished in a few days the whole thing would be revoked; and that she did issue such certificate with which Mrs. Bangs got the money. The certificate seems to have had the signature of the surrogate upon it, although he was absent at the time, and so far as the case shows, was ignorant of its issuing. No other surety was obtained, nor was the certificate revoked. On the contrary, when the surrogate returned home, he found the bond on his table, and in some way, which he was unable to explain in his testimony, he having forgotten the circumstances, he approved the bond, although his invariable practice was, with that single exception, to require two sureties on a guardian's bond.

When the minor became of age, the guardians' accounts were judicially settled, and ultimately a decree was entered against her for a sum which, with interest to the time of the trial, amounted to $847.40, for which sum a verdict was rendered. An execution was issued on such decree and returned unsatisfied before this action was commenced.

We think the defense cannot be maintained. The defendants' counsel relies mainly upon the case of *The People* v. *Bostwick* (43 Barb., 9; S. C. affirmed, 32 N. Y., 445). It has been said in the Court of Appeals, that the decision in that case may well be questioned. (*Russell* v. *Freer*, 56 N. Y., 67, *per* GROVER, J., p. 71.) The case has been severely criticised in other states. (*Deardorff* v. *Foresman*, Sup. Ct. of Indiana, 5 Am. L. Reg. [N. S.], 539; *State* v. *Potter*, Sup. Ct. of Missouri, 16 Am. L. Reg. [N. S.], 170.) Decisions adverse to it have been made by the Supreme Court of Maine (*The New York County M. F. Ins. Co.* v. *Brooks*, 3 Am. L. Reg. [N. S.], 399; *State* v. *Peck*, 53 Me., 284); in Indiana (*State* v. *Pepper*, 31 Ind., 76); in Kentucky (*Millett* v. *Parker*,

2 Metc., 608); and by the Supreme Court of the United States (*Dair* v. *The United States*, 16 Wall., 1). We are not aware that the case has been cited approvingly by our Court of Appeals, except in the recent case of *Whitford* v. *Laidler* (94 N. Y., 145), where it was referred to in support of a rule very different from that on which the defense rests in the case before us, namely, that it is competent for the parties to a contract to agree upon the method of its execution and delivery, and if any material stipulation relating thereto remains unperformed by them, the instrument will not take effect as their contract. In that case, an instrument purporting to be a contract between the plaintiff of one part, and thirteen individuals therein named of the other part, was signed by the plaintiff and by some, but not all of the thirteen, and by the mutual consent of all signing, was left with another person, not a party to it, to procure the signatures of the other parties named therein, and upon his accomplishing that object he was instructed to deliver the paper to the town clerk. Held, that until that condition was performed, the writing was incomplete and unexecuted. Bostwick's case was also cited with approval by DAVIS, P. J., in *Grimwood* v. *Wilson* (31 Hun, 215). That was an action on an undertaking given on an appeal from a judgment to the General Term, signed by the appellant and one surety only, the statute requiring two. (Code of Pro , § 335.) The surety defended on the ground that he signed upon the condition that another surety should be procured. Judge DAVIS said in his opinion that the plaintiff must be presumed to know that the law required two sureties, and if he, of his own motion, chose to waive that requirement, and to accept the instrument with one surety, he ought at least to have been sure that the single surety had consented to accept the increased responsibility thrown upon him by the absence of another surety. DANIELS, J., concurred on the ground that as the undertaking in the form in which it was filed was insufficient to create a stay, and the plaintiff, therefore, was deprived of no right, nor delayed in the collection of his judgment, by the giving of the undertaking, the failure to comply with the conditions imposed by the defendant signing it, was a defense. Justice DAVIS cited, in connection with Bostwick's case, *Benton* v. *Martin* (52 N. Y., 570) and *Bookstaver* v. *Jayne* (60 id., 150), which hold that an instrument not under seal may be delivered upon conditions, the

observance of which, as between the parties, is essential to its validity, and that may be regarded as the extent to which the court, in *Grimwood* v. *Wilson*, intended to go.

But whether or not the Bostwick case has been weakened as authority, the rule there laid down has not been extended beyond the facts of that case. The defense there was that the bond was signed upon the condition that it should be signed, also, by one Dickinson, which was not done. The bond was delivered to the proper officer, and the fact appears that he was told at the time that Dickinson would call and sign the bond, and he replied that it was good enough as it was. (43 Barb., 12.) The importance of that fact was commented on by HARDIN, J., in *Richardson* v. *Rogers* (50 How. Pr. R., 403), and was regarded by him as distinguishing the Bostwick case from the one with which he was dealing. No such fact can properly be held to exist in this case, since the plaintiff, being a minor, was incapable of receiving or being charged with notice, to her prejudice.

We feel at liberty, therefore, to hold that the rule laid down in Bostwick's case is not applicable here. The true rule by which this case is to be governed, we think, is that laid down, in substance, in many of the cases cited above, to wit, that where there is nothing upon the face of the paper indicating that other sureties were expected to become parties to the instrument, and no fact is brought to the knowledge of the obligee before he accepts the instrument calculated to put him on his guard in respect to that point, and to induce him, in the exercise of ordinary and reasonable caution and prudence, to make inquiry before accepting the security, the fault cannot be said to rest to any extent upon the obligee, and the failure to procure other sureties is no defense.

Here, the minor is the obligee named in the bond. As has been said, notice to her is of no effect, by reason of her minority. The bond was not delivered to her, but was required to be filed in the surrogate's office for her benefit. By a series of misadventures, not to say irregularities, for which she was in no way responsible, the bond was received, approved and filed, with only one surety, contrary to the practice of the office, which required two. In these circumstances, we think, the trial judge decided correctly in overruling the defense. There are some exceptions to rulings upon

questions of evidence. We have examined them, and think they point to no error.

The motion for a new trial should be denied, and judgment ordered for the plaintiff on the verdict.

Haight and Bradley, JJ., concurred; Barker, J., not sitting.

So ordered.