ED. L. BUTTERFIELD, RESPONDENT, *v.* MOUNTAIN ICE & COLD STORAGE COMPANY, A CORPORATION, B. K. BLOCH AND JOHN HEIL, JR., DEFENDANTS, OF WHOM B. K. BLOCH IS APPELLANT.

1. ACTION ON APPEAL BOND.—LIABILITY OF SURETY.—SIGNATURE OF PRINCIPAL.—It is no defense to an action on an undertaking on appeal from a justice court that the undertaking was delivered in violation of an understanding between the sureties and the principal's agent that it was not to be delivered until the signature of the principal thereto had been obtained.

2. ID.—ID.—AGENCY.—The surety having signed the undertaking and delivered it to the principal's agent without any knowledge on the part of the obligee of an agreement between the sureties and the agent of the principal that the latter should sign it before it was delivered, thereby clothing the agent with authority to make an unconditional delivery of the undertaking, may not set up such agreement against the obligee as a defense to his liability on the bond.

3. ID.—ID.—NOTICE.—The fact that an undertaking on appeal from a justice court in the usual form uses the words; "we the undersigned, as principal," followed by the names of the sureties signed by them, but not by the principal, is not notice to the obligee that the sureties have a secret agreement with the agent of the principal; that he is to sign it before they are to be bound.

4. UNDERTAKING ON APPEAL.—PRINCIPAL.—SURETIES.—An undertaking on appeal is an independent contract on the part of the sureties in which it is not necessary that the principal should unite, for the reason that he is already bound by the judgment to the obligee and no purpose could be served by his joining with the sureties.

5. WHO IS TO SUFFER BY THE ACTS OF A THIRD PERSON.—ESTOPPEL.—Where one of two innocent persons is to suffer by the acts of a third person, he who has enabled the third person to occasion the loss must suffer by it.

(No. 550.  Decided March 16, 1895.  39 P. R. 824.)

APPEAL from the District Court of the Third Judicial District.  Hon. Samuel A. Merritt, *Judge.*

Action by E. L. Butterfield against the Mountain Ice & Cold Storage Company, a corporation, B. K. Bloch and John Heil, Jr.  From an order striking out the separate answer of B. K. Bloch as sham, and from a judgment entered on the pleadings, defendant Bloch appeals. *Affirmed.*

*Mr. John W. Judd,* for appellant.

The appellant, Bloch, signed the appeal bond with the express understanding that it was not to be used until and unless the principal should sign it, and it was used

in direct contravention of this agreement. The defense is fully pleaded. The only point is, whether or not as a matter of law the answer constitutes a defense? *Hall* v. *Parker*, 37 Mich. 590; *Johnston* v. *Kimball*, 39 Mich. 187; *Bean* v. *Parker*, 17 Mass. 591; *Wood* v. *Sampson*, 19 Mass. 24; *Pawling* v. *U. S.*, 4 Cranch. 219 (Curtis ed.) 81; *Perry* v. *Patterson*, 5 Humph. (Tenn) 1332. "If an instrument in the body thereof purports to be signed by a principal and his sureties, but when delivered is not signed by the principal, the obligee is chargeable with notice that it is imperfect: and the sureties may show that they did not assent to its delivery before being signed by the principal." The *Wild Cat Branch* v. *Ball*, 45 Ind. 213; *Board of Education, Rapid City* v. *Sweeny*, Sup. Ct. (S. D.) 48 N. W. 302; *Gild* v. *Thomas*, 45 Ala.; S. C. 25 Am. Rep. 703, and editor's note p. 706; *Quarles* v. *Governor*, 10 Hump. (Tenn.) 122; Am. & Eng. Enc. of Law, vol. 24, 741.

*Mr. Benner X. Smith* and *Mr. Frank B. Stephens*, for respondent.

This case falls within the principle of that great array of cases establishing and maintaining the doctrine that where one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it. *State* v. *Peck*, 53 Me. 298. A similar case to the one at bar. Herman on Est. § 1000. When the appellant made Messick his agent, he clothed him with the apparent authority to make an unconditional delivery of the bond, and nothing short of absolute notice will vitiate or avoid it; and the sureties are estopped from setting up anything to avoid the bond. Herman on Est. §§ 1013–1018; *Certer* v. *Moulton*, 32 Pac. 633. The failure of the principal to sign the undertaking in no way affected the liability of the sureties. *Curtis* v.

*Richards,* 9 Cal. 33; *Drouelhat* v. *Rattner* (Or.), 11 Pac. Rep. 221; *Coal Co.* v. *Dwyett,* 4 Paige, Ch. 273; Brant on Suretyship, § 152; *Trustees* v. *Sheik,* 119 Ill. 585; *Johnson* v. *Johnson,* 31 Ohio St. 131; *Easton* v. *Wash,* 16 S. W. R. 788; *Harris* v. *Regester,* 16 Alt. 386; *Goodyear* v. *Bacon,* 20 N. E. 175; *Dair* v. *U. S.,* 16 Wall. 1; *Case* v. *Daniels,* 27 Pac. 886; Am. & Eng. Enc. of Law, vol. 24, 743-4; *Ballman* v. *Pasewalk,* 36 N. W. 134.

SMITH, J.:

The plaintiff recovered judgment in the justice's court against the Mountain Ice & Cold Storage Company. An appeal was taken to the district court, and the defendants B. K. Bloch and John Heil, Jr., signed the appeal bond. In the district court the plaintiff again recovered judgment, which being unsatisfied, he brings this suit against the sureties on the appeal bond. The bond is in the usual form. After stating the appeal, it reads: "Now, therefore, in consideration of the premises and of the said appeal, the undersigned, as principal, and John Heil, Jr., and B. K. Bloch, as sureties, do undertake," etc. The defendant B. K. Bloch filed an answer, and alleged, in substance, that on or about the date of the bond, which was on the 12th of August, 1892, one William Messick, who was then acting as agent of the Mountain Ice & Cold Storage Company, requested this defendant that he would sign the undertaking on appeal, and that the said bond had not then been signed by the principal, the Mountain Ice & Cold Storage Company; that defendant stated to said Messick that he was willing to sign the said undertaking on appeal provided, before its delivery to the justice of the peace, it was signed by the principal, the Mountain Ice & Cold Storage Company; that it was stated and represented by the said Messick that there was no intention of delivering the undertaking on appeal to the justice of

the peace, or to any one else, until it was first signed by such principal; and that, with this distinct understanding and agreement, this defendant signed the said bond; and that he never knew or had any information that the same was not signed by the principal until after payment was demanded of him as surety upon said appeal bond. The answer then further reads that, notwithstanding the agreement, Messick, in violation of it, did deliver the bond on appeal to the justice of the peace. The defendant moved the court to strike out the answer from the files as sham and frivolous, and for judgment on the pleadings. The court granted the motion, and rendered judgment against the defendants. The defendant Bloch appeals.

The question before this court is whether or not the court erred in striking out the answer of the defendants, and whether the court erred in rendering judgment in favor of the plaintiff, and against Bloch, for the amount of the judgment and costs due from the Mountain Ice & Cold Storage Company. The only real question in the case is whether or not the answer states any defense to the plaintiff's action. It is not denied that the bond was sufficient, under the statutes of this territory, as a bond upon appeal. In other words, the statute does not require that the principal upon an appeal shall sign the appeal bond. Section 3660 of the Compiled Laws provides that "an appeal from a justice's court shall not be effectual, unless an undertaking be filed with two sureties," etc. In the case of *Murdock* v. *Brooks*, 38 Cal. 604, the supreme court of that state, construing the same statute, said: "An undertaking on appeal is an independent contract on the part of the sureties, in which it is not necessary that the appellant should unite. He is bound by the judgment, and no purpose could be served by his joining with the sureties." We are of the opinion that the answer stated no defense whatever, for several reasons. First of all, the

failure of the principal to sign can in no possible manner injure the defendant. Section 3715, Comp. Laws Utah, provides that "when any surety upon an undertaking on appeal pays the judgment, either with or without action, after its affirmation by the appellate court, he is substituted to the rights of the judgment creditor, and is entitled to control, enforce and satisfy such judgment in all respects as if he had recovered the same." It will be observed that there is no further litigation necessary. The appellant here, if he pays the judgment which was rendered against the Mountain Ice & Cold Storage Company in the district court, is at once substituted to the rights of the plaintiff in this action, and is entitled to control, enforce and satisfy the judgment in all respects as if he had recovered it. It would appear that his objection made by his answer is an extremely frivolous one. But there are other reasons why the answer states no defense. The answer sets out that Messick was the agent of the Mountain Ice & Cold Storage Company. It is not pretended that he was the agent of the plaintiff. If it is true that the appellant has suffered any injury by the failure of the corporation to sign the bond, still the case is one of those where one of two innocent persons suffer by the acts of a third. In such cases it is a familiar rule that he who has enabled such third person to occasion the loss must sustain it. See Herm. Estop. § 1000. Then, again, we think the defendant (appellant here) has, by his own act, made Messick his agent, and clothed him with the apparent authority to make an unconditional delivery of the bond, and nothing short of notice to the plaintiff would avoid or vitiate it. See Id. § 1013.

It is clear that the bond is a perfect bond under the statute. The plaintiff could not have dismissed the appeal in the district court for the want of a sufficient bond, because the bond was, in all respects, regular, and the fact

that it used the words, "We, the undersigned, as principal, and John Heil, Jr., and B. K. Bloch, sureties," was no notice to the plaintiff that the sureties had a secret agreement with the agent of the principal that the principal should sign before they should be bound.

We think the order and judgment appealed from are right, and they are affirmed, with costs.

BARTCH and KING, JJ., concur.