## THE SINGER MANUFACTURING COMPANY *v.* GEORGE W. FREERKS AND GEORGE T. PROPPER.

Opinion filed February 11, 1904.

**Notice to Sureties of Obligee's Acceptance.**

1. Where an employe, as principal, and two others, as sureties, in consideration of the principal's employment as agent by a sewing machine company, and his agreement to furnish a bond for the faithful performance of the duties of his agency, and to pay over and account for all moneys and property which might come to his hands by virtue of his employment as such agent, executed the bond in suit as the undertaking which their principal had agreed with such company to give, and left such bond with the principal for delivery to the company, such bond was and became a binding and enforceable undertaking on delivery, and no notice of its acceptance by the obligee was required.

**Principal in Bond as Sureties' Agent for Delivery.**

2. Where the signers of a bond, which the employer of the principal had agreed with him to accept to secure the performance of the duties of his employment, executed the same and left it with the principal for delivery to the obligee, with knowledge that the obligee had agreed to accept it, they thereby constituted such principal their agent for the delivery of the bond; and when the employer, after delivery of such bond, intrusted the principal with money and properties in the course of his employment, which he embezzled, the sureties on such bond could not thereafter be heard to question its binding obligation, or to assert that it was a mere unaccepted offer of guaranty.

Appeal from District Court, Richland county; *Lauder,* J.

Action by the Singer Manufacturing Company against George W. Freerks and others. Judgment for defendants, and plaintiff appeals. Reversed.

*Ball, Watson & Maclay,* for appellant.

The bond is a joint and several obligation of the obligors, that the principal therein will faithfully perform his duties and pay over all moneys in his hands. *Cox* v. *Weed Sewing Mach. Co.,* 57 Miss. 350; *Nelson* v. *Howe Sewing Mach. Co.,* 10 Ky. Law. Rep. 37; *Page* v. *White Sewing Mach. Co.,* 34 S. W. Rep. 988; *Saint* v. *Wheeler & Wilson Sew. Mach. Co.,* 10 So. Rep. 539; *Hall* v. *Weaver,* 34 Fed. Rep. 108; *Wheeler* v. *Rohrer,* 52 N. E. Rep. 780; *Durand & Kasper Co.* v. *Rockwell et al,* 54 N. E. Rep. 711; *Rapp* v. *Insurance Co.,* 113 Ill. 390.

Either of the three obligors had authority to deliver the bond; and delivery to the principal was presumably to enable him to deliver to the obligee. *Cox* v. *Weed Sewing Mach. Co., supra; Snyder* v. *Click,* 13 N. E. Rep. 581; *McIntosh* v. *Reed,* 89 Fed. 464; *Haywood* v. *Townsend,* 38 N. Y. Supp. 517; *Wolfe* v. *Driggs,* 14 Atl. Rep. 480; *Singer Mfg. Co.* v. *Drummond,* 40 Hun. 260; *Dair* v. *U. S.,* 16 Wall 1, 83 U. S. 1, 21 L. Ed. 491; *Taylor* v. *King,* 73 Ia. 153, 34 N. W. Rep. 774; *Butterfield* v. *Mountain Ice and Cold Storage Co. et al.,* 39 Pac. Rep. 824.

The bond was not a letter of credit, nor the guaranty of an ordinary debtor and creditor accounts; but an agreement that the principal would perform all the duties of his trust under his contract with the obligee in the bond. *Bryant et al.* v. *Stout,* 44 N. E. Rep. 68; *Davis Sewing Mach. Co.* v. *Jones,* 61 Mo. 409; *Nelson* v. *Howe Sewing Mach. Co.,* 10 Ky. Law. Rep. 37; *Furst & Bradley Mfg. Co.* v. *Black et al.,* 12 N. E. Rep. 504; *Cox* v. *Weed Sewing Mach. Co.,* 57 Miss. 350.

*Freerks & Freerks,* and *H. N. Morphy,* for respondents.

A guarantor becomes bound for the performance of a prior or collateral contract upon which the principal is alone indebted. A surety is bound with the principal upon the contract under which the principal's indebtedness arises. *Singer Mfg. Co.* v. *Litter et al,* 9 N. W. Rep. 905; *LaRose* v. *Logansport Nat. Bank,* 1 N. E. Rep. 805.

On a bond conditioned "that he would well and truly keep and perform in all respects according to its true intent and meaning," the contract and sureties' liability were determined on the basis of guarantors. *Locke* v. *McVean,* 33 Mich. 473; *Farmers' & Mechanics' Bank* v. *Kercheval,* 2 Mich. 505; *Gage* v. *Lewis,* 68 Ill. 606; *Ward* v. *Wilson,* 100 Ind. 52; *Reigert* v. *White,* 52 Pa. St. 438; *Woods* v. *Sherman,* 71 Pa. St. 100.

The paper signed by the defendants is an offer of guaranty.

Section 4630, Rev. Codes, provides that a mere offer to guarantee is not binding until notice of its acceptance is communicated by the guarantee to the guarantor. *Standard Sewing Machine Co.* v. *Church,* 11 N. D. 420, 92 N. W. Rep. 805; *Davis Sewing Machine Co.* v. *Richards,* 115 U. S. 524, 29 L. Ed. 480; *Davis* v. *Wells, Fargo & Co.,* 104 U. S. 159, 26 L. Ed. 686; *Gardner* v. *Lloyd,* 2 Atl. 566; *Barnes Cycle Co.* v. *Reed,* 84 Fed. 603; *De Cremer* v.

*Anderson et al.*, 71 N. W. Rep. 1090; *Winnebago Paper Mills* v. *Travis*, 58 N. W. Rep. 36; *German Savings Bank* v. *Drake Roofing Co.*, 51 L. R. A. 758, 83 N. W. Rep. 960; *Lackman & Jacobi* v. *Block et al.*, 28 L. R. A. 255; *Central Savings Bank* v. *Shine*, 48 Mo. 456; *Neagle* v. *Sprague*, 63 Ill. App. 25; *Farmers Bank* v. *Tatnall*, 7 Houst. 287; *Beebe* v. *Dudley*, 26 N. H. 249; *Oaks* v. *Weller*, 37 Am. Dec. 583; *Mussey* v. *Rayner*, 22 Pick. 223; *Craft* v. *Isham*, 13 Conn. 28.

COCHRANE, J. This action was submitted to the court below for determination upon an agreed statement of facts. Defendant had judgment, and plaintiff appealed. The action is founded upon the following bond, which was duly signed and executed by defendants at the request of S. S. Clement, the principal therein, and was left with said Clement to be, and it was by him, delivered to plaintiff, towit:

"Know all Men by These Presents, That we, S. S. Clement, of Wahpeton, North Dakota, as principal, and George W. Freerks and George T. Propper, as sureties, obligors, are hereby held and firmly bound unto 'The Singer Manufacturing Company,' a corporation, duly incorporated and organized under the laws of the state of New Jersey, doing business in the state of North Dakota, and whose corporate existence and capacity to sue are hereby distinctly admitted, in the sum of five hundred dollars, and ten per cent attorney's fees; for the payment of which, well and truly to be made to the said 'The Singer Manufacturing Company,' their successors, representatives, or assigns, at their office in the city of Fargo, North Dakota, without relief from appraisement, valuation, or stay laws, we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents. Sealed with our seals. Dated the 15th day of January, one thousand nine hundred.

"The condition of the above obligation, which is expressly intended as a continuing guaranty, is such, that whereas the above bounden S. S. Clement has entered the employ of the said 'The Singer Manufacturing Company' for the transaction of such business as they may intrust to him. Now, therefore, if the said S. S. Clement shall well and faithfully perform his duties as such employe, pay to said company all rebates or other dues, and account for, pay over, and deliver to said company, all moneys, credits, notes, leases, accounts, receipts, books, property and effects of any

and every kind and nature whatsoever belonging to them that
may be entrusted to him, or may come into his possession or under
his control; by virtue of his said employment or otherwise; and
whether under or in the absence of any present or future new or
different agency or appointment, contract, agreement or under-
standing, covering the same or any lesser or greater duties or re-
sponsibilities, verbal or written, or any change whatever therein;
either with or without notice to either of said obligors, other than
the said employe, and repay to the said company all outlay
and expense which they may incur, in ascertaining the nature and
extent of a violation of any of the conditions of this bond, or for
ascertaining and adjusting any dispute or difference touching the
same, then this obligation to be void; but otherwise to remain in
full force and effect. And it is agreed that receipts issued or lost,
or for any reason not returned by the said employe, and his re-
ports by receipt stubs or otherwise, to the said company, of col-
lections made by him, shall be conclusive evidence as against each
and both of said obligors that the said employe received and
collected the moneys mentioned in said receipts and reports. And
the said obligors hereby waive all right of homestead and other
exemptions under the laws of said state as against any judgment
which may be obtained upon this obligation.

"S. S. Clement.   (Seal.)
"George W. Freerks.   (Seal.)
"George T. Propper.   (Seal.)
"Signed, sealed and delivered in presence of us:
"A. G. Divet.
"W. M. Hughes."

Clement was employed as agent, salesman, and collector for the
plaintiff corporation on January 10, 1900. His duties were as
enumerated in the bond. In consideration of said employment,
Clement agreed that he would give to the plaintiff a guaranty or
bond for the due and faithful performance of said agreement on
his part, and the defendants signed the foregoing instrument as
the guaranty or bond agreed to be furnished by said Clement. The
only person who requested defendants to sign the bond was
Clement, and the plaintiff did not, after the receipt of the instru-
ment, or at any time, communicate to defendants, or either of them,
notice of its acceptance of the same. The bond was delivered to
plaintiff on January 15, 1900, and the employment of Clement

terminated on the 15th day of November, 1901.  Between these dates Clement defaulted in the sum of $626.02.  Demand of payment was made upon Clement before suit, and demand for damages to the amount of the penalty of the bond, including $50, attorney's fees, was also made upon the respondents.  Neither demand was complied with.

Respondents' position is, and the trial court found, that the bond above set forth was a mere offer of guaranty by the defendants, and did not become binding, because no notice of acceptance of the instrument as a guaranty was ever communicated to the defendants, or either of them, by the plaintiff.  The case was considered as within the rule declared in *Standard Sewing Machine Company* v. *Church,* 11 N. D. 420, 92 N. W. 805.  In this the trial court erred.  The mutual assent necessary to constitute this a binding contract, and which distinguished it from a mere unaccepted offer, is found in the facts stipulated: "That in consideration of his employment Clement agreed that he would give to the plaintiff a guaranty or bond for the due and faithful performance of his agreement, and that the defendants signed the instrument as the guaranty or bond agreed to be furnished by Clement."  When respondents signed this bond, and left it with Clement to deliver to the machine company as the bond Clement had agreed to furnish, the mutual assent was given and sufficiently evidenced, and no further act or notice of acceptance was required to make it a binding obligation.  The machine company had agreed in advance to accept this bond, and could not refuse to do so.  The respondents, by intrusting the bond to Clement for delivery to the machine company as the bond he had agreed to give in part consideration of his employment, constituted Clement their agent for the purpose of making such delivery.  By such act they enabled Clement to enter upon the discharge of the duty of his employment, and to get the money and property of plaintiff which he misappropriated; and they cannot now be heard to repudiate this obligation, to the detriment of the party it was given to secure.  *Wolf* v. *Driggs,* 44 N. J. Eq. 363, 14 Atl. 480 ; *Haywood* v. *Townsend* (Sup.) 38 N. Y. Supp. 517 ; *Russell* v. *Freer,* 56 N. Y. 67 ; *Singer Mfg. Co.* v. *Drummond,* 40 Hun. 260 ; *Snyder* v. *Click,* 112 Ind. 293, 13 N. E. 581 ; *Butterfield* v. *Storage Co.,* 11 Utah 194, 39 Pac. 824 ; *Taylor Co.* v. *King,* 73 Iowa 153, 34 N. W. 774, 5 Am. St. Rep. 666.  This disposes of the only defense' in the case.

Upon the argument and in the briefs of counsel an interesting discussion was presented as to whether the contract in suit was a contract of suretyship or one of guaranty. This point it is unnecessary to decide. If, technically, it is a contract of guaranty, defendants are liable. This is also true if adjudged a contract of suretyship under the facts stipulated. The limit of liability under the bond is $550, including attorney's fees.

The judgment appealed from is reversed. The district court is directed to order judgment for plaintiff for $550, with interest. Appellant will recover costs. All concur.