ARTHUR P. NAYLOR v. JOHN I. STENE and Others.[1]

October 20, 1905.

Nos. 14,527—(46).

**Deposit in Escrow.**

A contract to sell land, deposited in escrow, takes effect according to its terms upon the performance of the agreed conditions by the grantee therein named, although not in fact physically delivered to him.

**Execution of Contract.**

A party who signs and delivers an instrument is bound by the obligations it contains, although it is not executed by all the parties for whose signatures it was prepared, where there is no testimony on his part of intention not to be bound thereby until it is signed by others, brought home to the obligee therein, no express agreement to such effect, and no loss of remedy, by way of indemnity or contribution, by failure of other parties to execute the instrument.

**Vendor and Purchaser.**

Where the owner of an undivided half interest in land deposits a contract, not signed by the owner of the other undivided half, to sell the whole land to a third person, in escrow, to be delivered to the grantee upon the payment of a certain sum, and thereafter acquires the title to the whole, the grantee named in that contract upon the payment of such sum becomes entitled to his rights thereunder, although the person holding it in escrow refuses to deliver it; and where such vendor has sold the premises to other persons, who were innocent purchasers for value, he is liable to the vendee in damages for breach of the contract.

Action in the district court for Dodge county against defendant John I. Stene, and others, to enforce specific performance of a contract for the sale of land; to recover $2,400 damages for withholding the same; and for general relief. The case was tried before Buckham, J., who found that defendants other than Stene had purchased the land from him without notice of the contract, and as to them the action was dismissed. The court further found that plaintiff was entitled to recover from defendant Stene $450 and interest for breach of the contract. From an order denying a motion for a new trial, defendant Stene appealed. Affirmed.

[1] Reported in 104 N. W. 685.

*Mohn & Mohn* and *Thomas Quinn*, for appellant.
*Childs & Edgerton*, for respondent.

JAGGARD, J.

The defendant and appellant, Stene, the owner of an undivided half interest in a tract of land, had orally agreed with the owner of the other undivided half, Lund, to buy the latter's interest for $2,500. Thereafter, on September 1, 1903, the defendant Stene signed a contract agreeing to convey the whole of the premises for $5,150 to the plaintiff. Of this sum $100 was earnest money, $20 of which was paid when the contract was signed. In that contract the grantors were referred to in the plural number as "we" and "us." Their names were not specifically mentioned. A space for a signature was left blank under the signature of the defendant Stene. The plaintiff also signed the contract and became bound by its terms. The agreement was then left with the attorney at law who drew it, to be delivered by him to the plaintiff upon the payment of $80. When the contract was read over to the parties, the plaintiff was informed that it would require the signature of the other part owner of said land, Lund. The defendant Stene then promised and agreed to procure such signature by the time plaintiff should forward to the said attorney the $80, balance of earnest money. Subsequently to the execution of the contract the defendant Stene notified the attorney that the owner of the other half, Lund, refused to entertain the deal, and directed such attorney to so advise plaintiff and to return the earnest money to plaintiff and the contract to him (Stene). On September 4 the defendant Stene procured a deed to the premises from Lund. On the same day the plaintiff offered to pay $80 to the attorney and demanded the contract. This the attorney refused to deliver. On September 7 the defendant conveyed the premises by warranty deed to other defendants for $5,720. The premises were, at the time of the execution of plaintiff's contract with the defendant, according to the court's findings, worth the sum of $5,600. The court found that the defendant, by his repudiation of his contract with the plaintiff, damaged the plaintiff to the extent of $450. Judgment was accordingly entered for the plaintiff in that sum.

1. The contract so deposited with the attorney operated as an escrow. 3 Words & Phrases, 2436; Sheppard's Touchstone (7th Ed.)

59; Bowker v. Burdekin, 11 M. & W. 128, 147; Millership v. Brookes, 5 H. & N. 797; Whelan v. Palmer, 58 L. T. (N. S.) 937, 39 Ch. Div. 648. Upon the performance of the stipulated condition it became of full force and effect, and was complete and executed, although not in fact delivered to the grantee therein named. The defendant Stene became bound by it, and the plaintiff became entitled to his legal remedies in accordance with its terms. Davis v. Clark (Kan.) 44 Cent. L. J. 452. And see note on page 455; 28 Sol. J. & R. 453; 28 Am. Law Reg. (N. S.) 108, §§ 15, 16, and 17 of note to Cherry v. Herring. The trial court in this case found that the delivery of the contract was conditioned only upon the payment of the $80, and not upon the procuring of the signature by the owner of the other undivided half to the contract. It was abundantly justified in so finding. Inter alia, the plaintiff and the attorney with whom the instrument was left so testified.

The ingenious contention of the counsel for the defendant Stene rests upon the inference to be drawn from the use of the words "we" and "us" throughout the contract, and from the failure of the owner of the other undivided half to sign the contract, in connection with the testimony as to the disclosure of the necessity of obtaining that signature. Bishop, Cont. § 171.

It is undoubtedly true that the conditions upon which an instrument left in escrow becomes operative may be express or implied (see Park, B., in Bowker v. Burdekin, 11 M. & W. 128), and that the implication to be drawn from the presence of names of parties in the body of a contract and from the absence of their signatures thereto, in connection with the testimony of the person seeking to enforce that instrument against those who signed it, that it was not to be delivered until it was signed by all whose names appeared in it, may be that the contract was not completed (Whitford v. Laidler, 94 N. Y. 145, 152). And any one who executes a contract may protect himself from liability thereon by affirmatively showing an express agreement that there should be no delivery until others executed it. Dillon v. Anderson, 43 N. Y. 231. And see Chouteau v. Suydam, 21 N. Y. 179. There is also a class of cases where the parties executing the instrument would have a remedy by way of indemnity or contribution against the other parties named, which remedy is lost by the failure of such other parties to execute the instrument, in which it has been held that each executed the instrument

upon the implied condition that it was to be executed by the others, and therefore that until executed by all it was inchoate and incomplete and never took effect as a valid contract. Morton, J., in Mattoon v. Barnes, 112 Mass. 463, 466.

In the case at bar there is no such testimony, agreement, or reason based on remedy, or other consideration, because of which this court should refuse to apply the general rule that a party who signs and delivers an instrument is bound by the obligation he therein assumes, although it is not executed by all the parties for whose signatures it was prepared. Mattoon v. Barnes, supra; Dillon v. Anderson, supra; Whitaker v. Richards, 134 Pa. St. 191, 19 Atl. 501; Russell v. Freer, 56 N. Y. 67; Hurd v. Kelly, 78 N. Y. 588; Adams v. Bean, 12 Mass. 136; Goodyear v. Bacon, 151 Mass. 460, 24 N. E. 404; Underhill v. Horwood, 10 Ves. Jr. 209, 212; Sidney v. Holmes, 16 Up. Can. Q. B. 268; Elliot v. Davis, 2 B. & P. 338. Accordingly, in this case, the court properly held that the obligation of the contract was not inchoate, and awarded plaintiff relief.

2. This case does not present for decision the question whether the ownership of an undivided interest in land by a person who has not joined in a contract made by his co-tenant will preclude a decree for specific enforcement of the contract at the instance of the party in whose favor it was made. See Stanton v. Singleton, 126 Cal. 657, 59 Pac. 146; Cochran v. Blout, 161 U. S. 350, 16 Sup. Ct. 454; 26 Am. & Eng. Enc. (2d Ed. 86). Plaintiff here brought an action against defendant Stene, and also against the other persons to whom he sold the land at an advanced price, praying for specific performance, damages, and other relief. Although before the sale to them, and on the day of tender of the remainder earnest money by the plaintiff, the defendant Stene acquired the full title to the land from his co-tenant. The plaintiff's contract was never recorded. No actual notice of its existence was traced to the purchaser. Specific performance was therefore impossible. The court dismissed the action as to such other persons on the ground that they were innocent purchasers for value.

No exception taken before the trial court and no assignment of error in this court indicate any error in the rulings of the trial court either in the fact or extent of its award of damages.

Order affirmed.