## REED v. COUGHRAN et al.

Both parties are bound by a written contract executed and delivered by one· of them only, but accepted, retained, and acted on by the other.

Where a party, having the ability and opportunity to read a contract before signing it, signs it without doing so, he is estopped by his negligence to claim that it does not conform to the oral agreement.

There being nothing in the pleadings or proof indicating any thing more than a claim for actual damages for conversion, it is error for the court, of its own motion, to authorize the jury to find punitive damages.

(Opinion filed, April 2, 1907.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by John W. Reed against Eugene W. Coughran and another. Judgment for plaintiff. Defendants appeal. Reversed, and new trial ordered.

*Aikens & Judge,* for appellants.

An agent cannot release valuable security and take something else instead of cash, without it being shown that he had authority or without ratification by his principal with knowledge of all the facts. Hormann v. Sherin, 6 S. D., 87; Shull v. New Birdsall Co., 15 S. D., 8. Where the recovery sought was expressly limited by the pleader to the value of the property taken and for the expenses incurred in pursuing it, nothing in excess thereof can be recovered. Terrill v. McKinney, 26 Ga., 450; Decker v. Parsons, 11 Hun., 296; Day v. Day, 3 Wend., 356. A court cannot of its own motion authorize the jury to find punitive damages, where the pleadings and proof show only actual damage is claimed. Holt v. Spokane & P. R. Co., 35 Pac., 39; Chicago & A. R. Co. v. Robinson, 106 Ill., 142; Louisville, N. A. & C. R. Co. v. Davis, 108 Ill., 617; Hughes' Instruction to Juries, 97; In the case of Dallas Rapid Tr. Co. v. Campbell, 26 S. W., 884.

*Davis, Lyon & Gates,* for respondent.

If the agent exceeded his authority, he bound himself. It did not justify the defendants in taking the plaintiff' property which was

turned over to him by the settlement, freed from the mortgage lien. Anderson v. Adams, 43 Ore., 621, 74 P. 215; Kennedy v. Stonehouse, 100 N. W., 258; Groeltz v. Armstrong, 99 N. W., 128; LeRoy v. Jacobsky, 136 N. C., 443.

FULLER, P. J. This action was for the conversion of two bay mares, an iron-gray colt, and a set of double harness which the defendant Coughran purchased in April, 1904, at a foreclosure sale made in satisfaction of a mortgage executed by plaintiff to a Mr. Bowen, who, as the owner and holder thereof, had foreclosed the same by an action in the circuit court. For the purpose of enabling plaintiff to pay and satisfy an agister's lien of $186 growing out of the foreclosure action, and to ultimately save the property for his own use and benefit, as well as to secure the payment of certain indebtedness and overdue rent to the defendant Coughran, an arrangement was entered into between the parties by which Coughran advanced plaintiff $225, and purchased the horses in question, together with certain other property sold therewith by the sheriff under execution, and turned the same back to plaintiff to be dealt with according to the terms of the following instrument executed by plaintiff alone, who unconditionally delivered it to defendant Coughran, by whom it was accepted and retained: "This contract and agreement made this 7th day of May, 1904, by and between E. W. Coughran, party of the first part, and John W. Reed, party of the second part, witnesseth: The said party of the second part for and in consideration of $225 to him in hand paid, besides other good and valuable consideration, hereby agrees to take charge of all the property and chattels described in the annexed notice of sale under execution and preserve and care for such property and chattels, and all rights, title and interest in said property and chattels being in said party of the first part after the completion of the sale as set forth in the annexed notice, except as to such chattels as the party of the first part consents to have sold to other parties. The said party of the second part further agrees to pay on or before the 1st day of December, 1904, the sum of $225, the money advanced at the time of this agreement, besides all the money owing to the party of the first part for feed, care and

pasturage of the cattle and horses, which were placed with the party of the first part by the party of the second part during the year 1903, including also the $186 feed bill contracted in the case of George W. Bowen v. John W. Reed et al. The said party of the second part further agrees to pay the balance due Mary Morgan on the rent of 1903 for land rented to the party of the second part by the party of the first part as agent for the said Mary Morgan. The said party of the second part agrees to pay to the party of the first part all sums due and owing to the party of the first part. The said party of the second part agrees to let the party of the second (first) part or his agent take possession of the property and chattels at any time and sell the same as a party of the second (first) part may seem fit. The said party of the second part agrees to sell part of said chattels and property as soon as possible for the party of the first part and with his consent, and turn the proceeds of such sale or sales to the party of the first part. The party of the first part agrees that when the party of the second part has performed the conditions and made the payments as hereinbefore set forth that he will transfer the title of all the property and chattels then remaining to the party of the second part."

Over objections so framed that all rights to a review of the assignments of error based thereon are fully preserved, plaintiff, at whose request the instrument was drawn in defendant's absence, and by whom it was thereafter delivered to defendant, was permitted to testify in his own behalf as follows: "Q. I will ask you, Mr. Reed, if this purported written contract between yourself and Mr. Coughran, dated, May 7, 1904, contains any agreements or conditions which were not embraced in the original oral agreement between yourself and Mr. Coughran in reference to the Bowen foreclosure? A. It contained quite a considerable in there that was not agreed to in our original agreement between Coughran and I. Q. I call your attention to the last section, stating that 'the party of the first part agrees that when the party of the second part has performed the conditions and made the payments as hereinbefore set forth that he will transfer the title of all the property and chattels then remaining to the party of the second part.' Was there any such agreement as that between you? A. No. Q. I call your at-

tention to the following provision in the contract—alleged contract: "The said party of the first part agrees to let the party of the second part or his agent take possession of the property and chattels at any time and sell the same as the party of the second part may see fit.' Was there any condition of that kind embraced in your original agreement—oral agreement? A. No, sir. Q. If this means that the party of the second part (that is, yourself) agrees to let the party of the first part (Coughran), or his agent, take possession of the property and chattels at any time and sell the same as he may see fit—was there any agreement of that kind between you? A. No, sir; there was not. Q. I want to call your attention to a portion of this alleged contract wherein you agree to pay the $186 feed bill contracted in the case of George W. Bowen v. John W. Reed et al., and ask you whether or not you made such an agreement with Mr. Coughran? A. I did not agree to pay that amount. Q. Was this agreement read over to you at or before the time you signed it? A. No, sir. Q. Did you read it over prior to the time you signed it? A. No, sir. Q. You may state why you did not read this agreement or have Mr. Danforth read it to you prior to your signature? A. Because I supposed it to simply contain the oral agreement between Coughran and I. I was in a hurry, and did not take time to read it."

To justify the admission of oral testimony to thus impeach the written instrument, it is insisted by counsel for plaintiff that no obligation could be created thereby without the signature of the defendant Coughran, and that neither party is bound by any of its terms. The doctrine that both parties are bound by a written contract executed and delivered by one of them only, but accepted, retained, and acted upon by the other, is amply sustained both by reason and authority. Naylor v. Stene, 104 N. W. 685, 96 Minn. 57; Fairbanks v. Meyers, 98 Ind. 92; Bean v. Clark (C. C.) 30 Fed. 225; Russell v. Freer, 56 N. Y. 67; Whitaker v. Richards, 134 Pa. 191, 19 Atl. 501; Street v. Chapman, 29 Ind. 142.

It is clearly incompetent to allow plaintiff to destroy the effect of the written contract by disputing its terms, and not the slightest legal excuse was offered to justify his failure to read the

instrument before affixing his signature thereto. Where as in this case, a party has the ability and opportunity to read such a contract before signing the same, and no fraud is practiced upon him by the other party, he is estopped by his own negligence from thus questioning its validity. Farlow v. Chambers, 21 S. D. 128, 110 N. W. 94.

As there was absolutely nothing in the pleadings or proof to furnish the slightest intimation of anything more than a claim for actual damages, it was prejudicial error for the court, upon its own motion, to take the case out of the ordinary rule of compensation by instructing the jury as follows: "If you find from the evidence that the defendants, or either of them, were guilty of oppression, fraud, or malice in taking from the plaintiff the horses and harness in question, you may, in addition to the actual damages, if any, sustained by the plaintiff, award to the plaintiff additional damages against either or both of the defendants so guilty, for the sake of example, and by way of punishing the defendant or defendants so guilty."

This view of the case renders it unnecessary to consider numerous assignments of error predicated upon the fact that the court permitted plaintiff to introduce testimony tending to show a settlement, through the agency of the defendant Reed, of all that could be claimed by defendant Coughran under the written contract.

The judgment of $335.45 as damages and costs entered in plaintiff's favor and against the defendant's is reversed, and a new trial ordered.