McCORMICK, Appellant, v. THE RAPID CITY
NATIONAL BANK, a Corporation, Respondent
(297 N. W. 39.)
(File No. 8348. Opinion filed March 18, 1941.)

For former opinion, see 67 S. D. 444, 293 N. W. 819.

**Atwater & Helm,** of Sturgis, for Appellant.

**H. F. Fellows,** of Rapid City, for Respondent.

PER CURIAM.   In this action a depositor prays judgment against his bank for an amount equal to the aggregate of a series of forged checks charged to his deposit account. Reference must be had to our original opinion, 67 S. D. 444, 293 N. W. 819, for a full understanding of the issues.

Rehearing was granted because through inadvertence we failed to consider the issues in the light of a contract signed by the depositor at the time of opening his deposit account.   Among other things, that contract provided:   "In the mailing or personal delivery of statements with cancelled vouchers, this Bank will not be liable for any amount paid on any forged or altered check issued in customer's name and charged by it to his account, * * * nor for any difference of account unless notice thereof shall be given by the customer in writing to said Bank within fifteen days after the date of mailing or personal delivery to customer of such statement of account with cancelled vouchers."

The Bank urges this contract as a complete defense as against all of the claims of the depositor except the amount of two checks cashed during June, 1938, they being the two vouchers delivered to the depositor on the day the forgeries were discovered. That more than fifteen days had elapsed since the mailing of all other vouchers to the depositor is the only inference which this record will support.

■ Predicated upon Los Angeles Investment Company v. Home Savings Bank of Los Angeles, 180 Cal. 601, 182 P. 293, 5 A.L.R. 1193, and Wussow v. Badger State Bank of Milwaukee, 204 Wis. 467, 475, 234 N. W. 720, 236 N. W. 687, the depositor contends that the Bank may not rely upon the provisions of this contract, because it failed to cause the record to affirmatively show that it had directed the depositor's attention to the provision. This contention must be ruled against the depositor. In the foregoing decisions the courts were not dealing with contracts signed by a depositor. The contract at bar was signed by the depositor, and no attempt has been made to avoid that contract for fraud or upon other equitable grounds. Knowledge of its contents is conclusively presumed. Stoefen et al. v. Brooks et al., 66 S. D. 587, 287 N. W. 330; Reed v. Coughran et al., 21 S. D. 257, 111 N. W. 559; Farlow v. Chambers, 21 S. D. 128, 110 N. W. 94.

■■ The conclusion of our original opinion is modified, and we now conclude and hold that the contract of the parties precludes the depositor from questioning all charges made against his account, except the two checks of June, 1938. It follows, from the views expressed in that opinion from which we do not recede, that the amount of these two remaining checks must stand as an offset by the Bank because of the depositor's breach of duty in failing to give notice of prior forgeries of the series, unless the Bank was negligent in cashing these or previous items in the series of forgeries. Considering these two checks separately, the Bank must be credited with the amount of the particular check under consideration unless it was negligent in failing to recognize the spurious character of that check or of any previously paid forgery of the series.

Because of the court's failure to submit this question of negligence of the Bank to the jury, the order and judgment are reversed.